Marcel L. VADENAIS and Jean M. Vadenais, Plaintiffs-Appellants,

v.

Frank E. CHRISTINA, Defendant-Appellee.

No. 33, Docket 28210.

United States Court of Appeals
Second Circuit.

Argued Oct. 8, 1963.

Decided Nov. 4, 1963.

Sydney D. Bierman, New York City, and Beasley & Ornsteen, Philadelphia, Pa. (James E. Beasley and Sheldon L. Albert, Philadelphia, Pa., on the brief), for plaintiffs-appellants.

John F. Kennelly, by Emile Z. Berman and A. Harold Frost, New York City (Joseph H. George, and David G. Trager, New York City, of counsel), for defendant-appellee.

Before CLARK, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

Plaintiffs, husband and wife, appeal from a judgment in favor of defendant upon defendant's motion for a directed verdict under Rule 50, Federal Rules of Civil Procedure. They also appeal from the denial of their motions under Rules 15 and 21, from the denial of their motion for an immediate appeal under 28 U.S.C. § 1292(b) and from the denial of their motion for an adjournment.

Francis R. Christina, while driving the automobile of his father, Francis E. Christina, collided with the appellants' automobile. The complaint named Frank E. Christina * as the defendant.

Despite the fact that appellants had ample opportunity to ascertain the facts and to distinguish between owner and operator, a distinct impression is gained from reading the pleadings, the various motion papers, the endless and futile colloquy and the ill-conceived motion to add Frank R. as a party defendant after the New York and New Jersey statute of limitations had run that the intend-ed defendant was the operator, Francis R. In naming the defendant as Frank E., instead of Frank R., a misnomer in caption resulted. The original motion should have been to correct the misnomer, not to add a defendant after the statute of limitations had run. When this motion was, in effect, ultimately made, it should have been granted. See Denver v. Forbes, 26 F.R.D. 614 (E.D.Pa. 1960).

The judgment must, therefore, be reversed and the case remanded for trial with directions that the caption be amended to correct the defendant's name, "Frank E. Christina" to "Francis R. Christina."

* Apparently, the correct names of father and son are Francis E. and Francis R., respectively.