William J. BOUTON, Jr. and John S. Mix, as Trustees of the Excelsior Hardware Company Pension Plan, Plaintiffs,

v.

Robert G. THOMPSON and James F. Simon, Defendants.

Civ. No. B–90–384 (WWE).

United States District Court, D. Connecticut.

April 8, 1991.

David C. Erods, Stamford, Conn., for plaintiffs.

Andrew B. Bowman, Westport, Conn., and James R. Fogarty and Carolyn W. Alexander, Epstein & Fogarty, Stamford, Conn., for defendants.

## RULING ON DEFENDANT SIMON'S MOTION TO DISMISS

EGINTON, District Judge.

Plaintiffs, William J. Bouton and John S. Mix, commenced this action against defendants, Robert G. Thompson and James F. Simon. Plaintiffs allege violations by defendant Thompson of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, ("ERISA") (Count One), and of the Racketeer Influenced and Corruption Organizations Act, 18 U.S.C. § 1961 *et seq.*, (RICO) (Count Two), and add common law claims of theft, embezzlement and forgery (Count Three). Plaintiffs allege that defendant Simon breached a fiduciary duty imposed by ERISA (Count Four) and add a state law claim of misrepresentation (Count Five).

Defendant Simon has moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Count Four of the amended complaint for failure to state a claim upon which relief may be granted.[1] He has moved to dismiss Count Five on the same grounds or in the alternative for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).

For the reasons stated below, defendant Simon's motion to dismiss will be denied.

---

1. Defendant Simon has also asked the court, if appropriate, to treat this motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. However, defendant has not presented sufficient evidence to demonstrate that there is no genuine issue of material fact in dispute.

## FACTS

Plaintiffs Bouton and Mix are trustees of the Excelsior Hardware Company Employee Pension Plan (hereinafter "Pension Plan"). Defendant Thompson is the President of Excelsior Enterprises, Inc.. Defendant Simon is an attorney who represented both Thompson and the Excelsior Hardware Company.

Plaintiffs allege that from July through September, 1989, Thompson misappropriated $750,000 of Pension Plan assets by forging the name of Mix to three separate checks drawn on the Pension Plan Account. Further, plaintiffs allege that on March 27, 1990, Simon confirmed to plaintiffs that the funds removed by Thompson were deposited into an account separate from the Pension Plan Account. On April 4, 1990, Simon represented to plaintiffs that he had become a signatory on this account. Plaintiffs allege that no account existed.

Plaintiffs also allege that Simon represented to them, orally and in writing, that Lynwood and Mary Mix would pledge their share of the Pension Plan. Lynwood and Mary Mix's share, worth approximately $700,000, was held in another separate account controlled by Thompson and Simon. Plaintiffs claim that Lynwood and Mary Mix did not pledge to Simon their share to the Pension Plan or sign a pledge agreement.

## DISCUSSION

In reviewing a motion to dismiss, the court must determine whether the complaint states a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). All factual allegations stated in the complaint must be accepted as true and drawn in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## I. Count Four: ERISA Claim

In Count Four plaintiffs assert that Simon's alleged control of Pension Plan funds gave Simon fiduciary status under ERISA. Plaintiffs claim that Simon's alleged misrepresentations of becoming a signatory to an account containing Pension Plan funds and receiving a purported pledge agreement from Lynwood and Mary Mix constitute a breach of that duty.

Under ERISA, a "fiduciary" is defined as follows:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

The term "fiduciary" was intended by Congress to be broadly construed. *Donovan v. Mercer*, 747 F.2d 304, 308 (5th Cir. 1984). A person is a fiduciary to the extent he exercises any of the above responsibilities. *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1259 (2d Cir.1987). To determine whether a person is a fiduciary, the court must look at the functions performed by the individual, not the title that individual holds. *Blatt v. Marshall & Lassman*, 812 F.2d 810, 812 (2d Cir.1987).

In the instant action, Simon allegedly represented to plaintiffs that he had become a signatory on an account containing Pension Plan funds. Also, Simon's representations concerning Lynwood and Mary Mix's purported pledge agreement to fund the Pension Plan with their shares, demonstrates that Simon exercised discretion over the pension fund assets. Therefore, the court finds that plaintiffs have pleaded a claim upon which relief may be granted concerning Simon's fiduciary status.

■ Simon argues that he was not a fiduciary within the meaning of ERISA, but was an attorney rendering professional services to his clients, Thompson and Excelsior Hardware Company. *See, Yeseta v. Baima,* 837 F.2d 380 (9th Cir.1988). In *Yeseta,* the court held that an attorney rendering professional services is not a fiduciary as defined by ERISA as long as the attorney does not exercise any authority or discretion over the pension plan assets other than providing usual professional services. However, in this case, Simon did exercise purported control and discretion over pension plan assets. When, in an instance such as this, an attorney exercises discretionary authority with respect to the management of pension plan assets, the attorney is considered a fiduciary as defined by ERISA. *Id.* at 385 n. 2.

■ Even if Simon is found not to be a fiduciary within the meaning of ERISA, he may still be held liable for a fiduciary breach. Parties who knowingly take part in fiduciary breaches may be liable under ERISA to the same extent as fiduciaries. *Lowen v. Tower Asset Management, Inc.,* 829 F.2d 1209, 1220 (2d Cir.1987).

■ Simon contends that there is no causal link between his alleged breach of fiduciary duty and plaintiffs' losses. However, plaintiffs claim that Simon's assurances to them induced them to refrain from taking any further action to recover the pension funds withdrawn from the Pension Plan by Thompson. Plaintiffs allege that as a result of Simon's representations, Thompson continued to dissipate pension funds. Therefore, the court finds that plaintiffs have set forth a basis of a claim upon which relief may be granted.

II. Count Five: State Law Claim of Misrepresentation

■ In Count Five plaintiffs assert that they sustained injuries as a result of Simon's misrepresentations. Under Connecticut law, to assert a claim for misrepresentation the plaintiff must demonstrate that certain material facts were misrepresented by the defendant, that the defendant knew that these statements were false, that such statements would induce a party to act to his detriment, and that the party did so act. *Bailey Employment System, Inc. v. Hahn,* 545 F.Supp. 62, 66–67 (D.Conn.1987). In the instant action, Count Five of the amended complaint incorporates by reference paragraphs 21, 22, 23 and 24 of Count Four where plaintiffs allege facts sufficient to demonstrate that Simon made misrepresentations of material facts to plaintiffs, that Simon knew that such representations would prevent plaintiffs from taking action to recover the pension funds and that plaintiffs relied on Simon's representations to their detriment. Accordingly, the court finds that plaintiffs have stated a claim upon which relief may be granted concerning Simon's alleged misrepresentations.

■ Simon argues that plaintiffs failed to plead Count Five with the particularity required by Fed.R.Civ.P. 9(b). To plead a claim of fraud, plaintiff must specify the time, place and speaker of the alleged misrepresentation. *Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir.1986). The allegations of fraud must give the defendant adequate information to answer the complaint. *Ross v. A.H. Robins Co.,* 607 F.2d 545, 557–58 (2d Cir.1979). In this action, ¶¶ 21, 22, 23, and 24 of the amended complaint incorporated into Count Five, give Simon adequate information to frame a responsive pleading.

The court will not dismiss Counts Four and Five of the amended complaint based on Fed.R.Civ.P. 12(b)(6). Because the court will not dismiss Count Four, the court will exercise pendent jurisdiction over plaintiffs' state law claim of misrepresentation. Therefore, defendant Simon's motion to dismiss Count Five based on lack of subject matter jurisdiction will be denied.

CONCLUSION

For the reasons set forth above, defendant Simon's motion to dismiss is hereby DENIED.

. SO ORDERED.