**William DANIELS, Plaintiff,**

v.

**P.O. Leonard LOIZZO, M.V.P.D., P.O. Daniel Fisher, M.V.P.D., and The Mount Vernon Police Department, Defendants.**

No. 87 Civ. 6024 (MJL).

United States District Court, S.D. New York.

April 29, 1997.

Winthrop, Stimson, Putnam & Roberts, New York City, for Plaintiff; John Zaloom, of counsel.

Martino & Weiss, Mount Vernon, NY, for Defendants; Leonard A. Weiss, of counsel.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court is the motion of plaintiff William Daniels ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), for leave to amend the Complaint. For the reasons stated below, the Court grants Plaintiff's motion in part and denies it in part. Specifically, the Court permits Plaintiff to add pendent state claims for assault, battery and intentional infliction of emotional distress and to correct the misspelling of defendant police officer Daniel Fischer's last name. The Court denies the motion to the extent that it proposes pendent state claims for negligent hiring, retention and supervision and names "John Doe" and "Richard Roe" as defendants.

## BACKGROUND

In 1987, Plaintiff, acting *pro se*, commenced this civil rights action, pursuant to 42 U.S.C. § 1983, against The Mount Vernon Police Department ("Police Department") and police officers Leonard Loizzo ("Loizzo") and Daniel Fischer ("Fischer") (collectively the "Defendants"). The Complaint alleges that, on July 6, 1987, Loizzo and Fischer physically assaulted him while yelling racial epithets during a traffic stop ("July 6, 1987 Incident"). In early 1990, this case was placed on the suspense docket pending the appointment of pro bono counsel. Although an attorney ("Former Counsel") selected Plaintiff's case for representation in September 1992, Former Counsel neither communicated with Plaintiff nor moved to restore the case to active status during the course of his representation.

In July 1996, following Counsel's withdrawal from the case, Winthrop, Stimson, Putnam & Roberts filed a notice of appearance on Plaintiff's behalf and proceeded with discovery. May 30, 1997 marks the discovery cut-off date. *See* Order, dated April 16, 1997, at 1. The parties have agreed to be ready for trial by June 20, 1997, but no definitive trial date has been set. *Id.*

## DISCUSSION

I. *Legal Standard Governing Rule 15(a)*

Rule 15(a) provides that leave to amend "shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a). Under the liberal mandate of Rule 15(a), a motion to amend should be denied only for such reasons as prejudice, bad faith and futility. *Fo-*

*man v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993). A lengthy delay, in the absence of prejudice or bad faith, is not a sufficient basis to deny a motion to amend. *See, e.g., Rachman Bag Co. v. Liberty Mutual Ins. Co.,* 46 F.3d 230, 234–35 (2d Cir.1995); *Reubens v. New York City Dep't of Juvenile Justice,* 930 F.Supp. 887, 889 (S.D.N.Y.1996). Courts, however, may "deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990). In assessing "prejudice," courts consider whether the amendment would: (1) require the opponent to "expend significant additional resources to conduct discovery and prepare for trial," (2) significantly prolong the resolution of the action, or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block,* 988 F.2d at 350.

## II. *Plaintiff's Motion to Amend*

Plaintiff requests leave to amend the Complaint in order to: (1) add pendent state tort claims of assault, battery, intentional infliction of emotional distress and negligent hiring, retention and supervision, (2) correct the misspelling of a defendant police officer's last name, and (3) name two unknown police officers as defendants. *See* Pl.'s Mem. at 1. Defendants oppose the amendments on the grounds of prejudice, undue delay and futility. *See* Defs.' Opp'n Mem. at 2. The Court will address the proposed amendments in turn.

### A. *Addition of New Claims*
#### 1. *Prejudice, Undue Delay and Bad Faith*

Defendants maintain that the proposed amendments should be denied because: (1) the addition of the new claims would

"undu[ly] prejudice" them given the "passage of more than nine years since the incident occurred," and (2) the "application has been unduly delayed." Weiss Aff. at ¶ 11. The Court finds Defendants' arguments unpersuasive.

■ Although Plaintiff waited nine years to submit the proposed amendments, the delay, by itself, provides no basis to deny Plaintiff's motion to amend. *See, e.g., Rachman,* 46 F.3d at 234–35; *Li v. Canarozzi,* No. 95 Civ. 0706, 1997 WL 40979, at *2 (S.D.N.Y. Feb. 3, 1997). Aside from Defendants' passing reference to undue prejudice, they have offered no evidence of prejudice or bad faith to overcome the liberal amendment policy of Rule 15(a). In contrast, Plaintiff has offered a reasonable explanation for the delay: his limited knowledge of the law as a *pro se* litigant, the three-year suspension of his case pending the appointment of pro bono counsel, and Former Counsel's woefully inadequate representation. *See* Pl.'s Reply Mem. at 1–2. Thus, the Court refuses to deny Plaintiff leave to amend based upon Defendants' bare allegations of delay.[1]

■ The Court is convinced that the proposed new claims will not unduly prejudice the Defendants. Because the pendent state claims arise from the July 6, 1987 Incident and relate closely (if not exclusively) to the original Section 1983 allegations, any additional discovery will not be sufficiently extensive to preclude Plaintiff from amending the Complaint. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building,* 608 F.2d 28, 42–43 (2d Cir.1979) (finding potential for several additional months of discovery insufficient prejudice to deny leave to amend); *Dweck v. Pacificorp Capital, Inc.,* No. 91 Civ.2095, 1997 WL 80537, at *3 (S.D.N.Y. Feb. 26, 1997) (Lowe, J.) (same). In fact, it appears that any additional discovery could be resolved prior to the discovery deadline of

---

1. Defendants also argue that Plaintiff "had sufficient opportunity" to raise the new claims over the past nine years but failed to do so. Weiss Aff. at ¶ 11. Contrary to Defendants' assertions, " 'the mere fact that [Plaintiff] could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend.' " *Richardson Greenshields Secs., Inc. v.*

*Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (quoting *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973)); *see also Sommer v. PMEC Assocs. and Co.,* No. 88 Civ. 2537, 1993 WL 361660, at *3 (S.D.N.Y. Sept. 14, 1993) ("failure to act on acquired knowledge is insufficient cause to deny a motion to amend."). Defendants' argument is, therefore, meritless.

May 30, 1997. Accordingly, the Court finds that Defendants have failed to establish the necessary prejudice to warrant denial of Plaintiff's motion to amend.

### 2. *Futility*

██ "[A] district court is justified in denying an amendment if the proposed amendment could not withstand a motion. to dismiss." *Journal Publishing Co. v. American Home Assurance Co.*, 771 F.Supp. 632, 634 (S.D.N.Y.1991). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994). Courts must accept plaintiff's allegations as true, together with such reasonable inferences as may be drawn in its favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Courts can dismiss claims only if, assuming all facts alleged to be true, plaintiff still fails to plead the basic elements of a cause of action. *Abdullajeva v. Club Quarters, Inc.*, No. 96 Civ. 383, 1996 WL 497029, at *1 (S.D.N.Y. Sept. 3, 1996).

██ Defendants contend that the proposed negligent hiring, retention and supervision claims lack merit. *See* Weiss Aff. at ¶ 11 ("it is facetious and a stretch of the imagination to attempt to impose negligent hiring, retention and supervision upon the City of Mount Vernon."). Under New York law, an employer can be held liable under theories of negligent hiring, negligent retention and negligent supervision. *See, e.g., Perry v. Burger King Corp.*, 924 F.Supp. 548, 552 (S.D.N.Y.1996). "A necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury." *Kenneth R. v. Roman Catholic Diocese*, 229 A.D.2d 159, 161, 654 N.Y.S.2d 791, 793 (2d Dep't 1997); *Detone v. Bullit Courier Serv.*, 140 A.D.2d 278, 528 N.Y.S.2d 575, 576 (1st Dep't 1988).

██ Here, the proposed amended complaint fails to allege that defendant Mount Vernon Police Department knew or should have known of the violent propensities of the police officer defendants. Given the absence of factual allegations addressing the "knowledge" element of the negligent hiring, retention and supervision claims, it is clear that the proposed amendment could not withstand a motion to dismiss under Rule 12(b)(6). *See, e.g., Haybeck v. Prodigy Serv. Co.*, 944 F.Supp. 326, 332 (S.D.N.Y.1996) (dismissing claims for negligent hiring and retention because plaintiff failed to allege that defendant knew about employee's tortious conduct). Accordingly, the addition of the proposed negligent hiring, retention and supervision claims would be futile.[2] The Court therefore denies this portion of the proposed amended complaint.

██ Defendants also suggest that the proposed assault, battery and intentional infliction of emotional distress claims are futile because their statute of limitations has run. Defendants' argument is unpersuasive. Under Rule 15(c), a claim asserted in an amended pleading will relate back to the filing date of the original .complaint if the claim arises out of the same transactions alleged in the original pleading. Fed.R.Civ.P. 15(c); *Kuczynski v. Ragen Corp.*, 732 F.Supp. 378, 382 (S.D.N.Y.1989). The original complaint addresses the defendant police officers' alleged beating and racial harassment of Plaintiff on July 6, 1987. The proposed claims stem directly from the July 6, 1987 incident and, thus, "relate back" to the filing of the original complaint for purposes of the statute of limitations. Because the addition of these claims would not be futile, Plaintiff's motion to amend this portion of the Complaint is granted.

### B. *Correction of a Spelling Mistake in a Defendant's Name*

██ Plaintiff also seeks leave to amend the Complaint to correct the misspelling of a defendant police officer's last name from "Fisher" to "Fischer." *See* Pl.'s Mem. at 1.

---

**2.** The Court denies this portion of Plaintiff's motion to amend without prejudice. Plaintiff may therefore file a new complaint which repleads the negligent hiring, retention and supervision claims as the law requires.

Courts freely permit amendments to correct "misnomers" or spelling mistakes in the name of defendants previously served. *See, e.g., Vadenais v. Christina*, 325 F.2d 157, 158 (2d Cir.1963). Since Defendants offer no objection to this aspect of the proposed Amended Complaint, the proposed spelling correction amendment is granted.

### C. *Addition of Two Unnamed Parties*

Plaintiff's proposed amendments include the addition of two unknown police officers, "John Doe" and "Richard Roe," as defendants. *See* Pl.'s Mem. at 1. Defendants contend that the addition of previously unnamed police officers as defendants would be futile due to the statute of limitations bar. *See* Defs.' Opp'n Mem. at 3. The Court agrees.

■ The statute of limitations for Section 1983 claims is three years. *Owens v. Okure*, 488 U.S. 235, 249–51, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594 (1989); *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35 (2d Cir.1996). Plaintiff alleges that the beating and arrest took place on July 6, 1987. Because Plaintiff did not file his motion to amend until January 8, 1997, his claims against the unnamed police officer defendants are time-barred unless the proposed amendments relate back to the date of the filing of the Complaint.

■ An amendment to a pleading that seeks to bring in a new party will "relate back" to the date of the original pleading only if: (1) the claim arises out of the same conduct originally pleaded, (2) the proposed party received notice such that it will not be prejudiced in maintaining a defense, (3) the proposed party should have known that, but for a mistake of identity, the original action would have been brought against it, and (4) the second and third requirements are fulfilled within the period prescribed in Federal Rule of Civil Procedure 4(m) for service of process. Fed.R.Civ.P. 15(c)(3); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468–69 (2d Cir.1995).

■ The Second Circuit has held that "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties ..., but the lack of knowledge of a party's identity cannot be characterized as a mistake." *Barrow*, 66 F.3d at 470. Thus, "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Id.* (denying leave to amend to specify names of "John Doe" defendants on ground of futility because amended complaint "did not correct a mistake in the original complaint, but instead supplied information [plaintiff] lacked at the outset").

Here, the "relation back" provision of Rule 15(c)(3) is inapplicable to the proposed addition of "John Doe" and "Richard Roe" as police officer defendants. First, Plaintiff knew at the time he filed the Complaint that additional officers were involved in the July 6, 1987 Incident. *See* Compl. at 5.[3] Plaintiff, however, failed to name any such defendants (*i.e.*, either as "John Does" or by name) prior to the running of the statute of limitations. Therefore, Plaintiff is barred from adding these additional parties at this late stage. *See, e.g., Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir.1994) (finding Rule 15(c)(3) inapplicable to proposed amendment seeking to add defendants where plaintiff knew about additional defendants within statute of limitations period and failed to name them); *Fitzgerald v. McKenna*, No. 95 Civ. 9075, 1996 WL 715531, at *5 (S.D.N.Y. Dec.11, 1996) (holding Rule 15(c)(3) inapplicable where plaintiff sought to add defendants after expiration of statute of limitations period because "plaintiff either did not know the identities of the [new defendants] until after he filed his initial complaint or that he made a conscious decision not to include [the new defendants] in his initial complaint and subsequently changed his mind."). Second, even if Plaintiff had named "John Doe" defendants in the Complaint and here sought to supply their actual names, the proposed amendment would not be allowed, as the amendment

---

3. In the proposed amended complaint, Plaintiff realleges the facts of the July 6, 1987 Incident and merely replaces the names of the unknown police officers with "John Doe" and "Richard Roe." *See* Am. Compl. at ¶ 4, 18.

would only correct Plaintiff's lack of knowledge, not a mistake. The Court therefore denies this portion of the proposed amended complaint.

## CONCLUSION

The Court hereby grants Plaintiff's motion to amend insofar as it seeks to add pendent state claims for assault, battery and intentional infliction of emotional distress and to correct the misspelling of defendant police officer Daniel Fischer's last name. The Court denies Plaintiff's motion to the extent that it seeks to name "John Doe" and "Richard Roe" defendants. In addition, Plaintiff's motion to amend is denied without prejudice as to the addition of pendent state claims for negligent hiring, retention and supervision. Within thirty days of the date of this Opinion and Order, Plaintiff shall serve and file a revised amended complaint that complies with the provisions of this Opinion and Order.

It is So Ordered.