Nicholas **BERNHARD**, Ralph Natale, Kirk Conway, and Roy Kohn, as Trustees Of The Health Fund 917 and The Local 917 Pension Fund, Plaintiffs,

v.

**CENTRAL PARKING SYSTEM OF NEW YORK, INC.** and John Doe, Defendants.

No. 10–cv–5596 (ADS)(ETB).

United States District Court, E.D. New York.

April 18, 2012.

Campbell & Associates, P.C., By Daniel T. Campbell, Esq., Susan M. Bruno, Esq., of Counsel, Floral Park, NY, for Plaintiffs.

Certilman Balin Adler & Hyman, LLP, By Douglas E. Rowe, Esq., of Counsel, East Meadow, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The Plaintiffs Nicholas Bernhard, Ralph Natale, Kirk Conway, and Roy Kohn ("the Plaintiffs"), as Trustees of the Health Fund 917 and the Local 917 Pension Fund ("the Funds" or "the Plaintiff Funds"), brought the present action pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"). The action is to enforce the obligation of the Defendant Central Parking System of New York, Inc. to make contributions to the Plaintiff Funds under the terms of their collective bargaining agreements and/or under the trust agreement establishing each Fund. The action was also brought against the Defendant John Doe for breach of his duties as a fiduciary of the Plaintiff Funds. Presently before the Court is the Plaintiffs' motion to add Sonya Mitchell as a defendant in place of the John Doe Defendant. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

On November 26, 2010, the Plaintiffs filed this Complaint pursuant to sections 404, 406, 502, and 515 of ERISA, against the Defendants Central Parking System of New York, Inc. ("Central") and John Doe ("Doe"). The claims against the corporate entity were brought to compel contributions due to the Plaintiff Funds that were identified during a payroll inspection or "audit" of Central's payroll and related records. In addition, three separate causes of action were brought only against the Defendant John Doe. In particular, the Complaint stated that upon information and belief, "Doe was a person with discretion and/or authority to pay contribution[s] to the Health Fund 917 and the Local 917 Pension Fund on behalf of Central", and "Doe exercised authority and/or control over payment of contributions and monies due to the Fund from Central." (Compl., ¶¶ 31–32.) Therefore, the claims against Doe are premised in part on the allegation that Doe caused Central not to pay contributions and other monies to the Funds that had become plan assets of the Funds when they become due from Central, thus breaching Doe's fiduciary duty under Section 404 of ERISA.

On April 18, 2011, United States Magistrate Judge E. Thomas Boyle issued a scheduling order, which stated that discovery was to be completed by October 28, 2011 and that a joint pretrial order was to be filed by November 30, 2011.

On October 28, 2011, the last day of discovery, the Plaintiffs deposed Sonya Mitchell, Central's payroll manager. According to the Plaintiffs, they learned at this time that Mitchell was the person vested by Central with discretion and control over payment of the delinquent contributions and the person who determined not to pay the amounts at issue in this case.

On November 3, 2011, the Plaintiffs filed a letter motion to substitute Sonya Mitchell as a defendant in place of John Doe. While the Plaintiffs acknowledge that they had been interacting with Mitchell on the claims since the audit was initiated prior to commencement of the present suit, they were not aware that she had been afforded final authority to determine payments of the amounts claimed until she so testified during her deposition. On November 4, 2011, the Court denied the letter request without prejudice and directed the Plaintiffs to file a formal motion in accordance with the Court's individual rules governing motion practice.

On November 29, 2011, the Plaintiffs filed the present motion to amend the Complaint to add Sonya Mitchell as a defendant in place of John Doe. On November 30, 2011, the parties submitted a proposed pre-trial order in accordance with Judge Boyle's Scheduling Order. On December 1, 2011, Magistrate Judge Boyle certified discovery as complete and marked the action as trial ready.

## II. DISCUSSION

### A. *Legal Standard on a Motion to Amend*

■ Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."), a

party may amend its pleading by leave of court and leave to amend "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a); *see also Monahan v. New York City Dep't. of Corr.*, 214 F.3d 275, 283 (2d Cir.2000) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Generally, amendments are favored because they "tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks and citations omitted). Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Fed.R.Civ.P. 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21; *see Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citing *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91 (S.D.N.Y.2010)); *see also City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir.2006) ("Although Rule 21 'contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it. Thus, the court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action.") (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, Civil 3d § 1688.1 at 510 (West 2001)). Rule 21 grants the court broad discretion to permit the addition of a party at any stage in the litigation. *Sullivan v. West New York Res., Inc.*, No. 01 Civ. 7847, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003).

█ In deciding whether to permit the addition of defendants, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y.1980) (quoting *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y.1972)). Thus, leave to amend a complaint to assert claims against additional defendants "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within

the sound discretion of the district court." *DeFazio v. Wallis,* No. 05 Civ. 5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.,* 404 F.3d 566, 603–04 (2d Cir.2005); *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995)).

## B. *As to the Plaintiff's Motion to Amend the Complaint to Substitute a Defendant*

### 1. Whether the Plaintiffs' Proposed Amendment is Futile

█ A proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.,* 310 F.3d 243, 258 (2d Cir.2002). In considering a Rule 12(b)(6) motion to dismiss, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Todd v. Exxon Corp.,* 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Further, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.,* 412 F.3d 103, 109 (2d Cir. 2005); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999).

The Defendants assert that the Plaintiffs' motion to amend the Complaint to add Sonya Mitchell as a defendant in place of John Doe to assert ERISA fiduciary claims against her would be futile because the Plaintiffs have failed to allege that she is a fiduciary over the ERISA funds at issue. The Defendants claim that the Plaintiffs merely rely on the conclusory statement that Mitchell "is the person vested by Central with discretion and control over payment of the delinquent contributions and the person who determined not to pay the amounts at issue in this case", and that this is insufficient. (*See* Def. Opp. Motion at 1.)

Where an employer has entered into a collective bargaining agreement requiring him to remit funds to an ERISA plan, the employer is obligated to "make such contri-

butions in accordance with the terms and conditions of such plan or agreement." 29 U.S.C. § 1145. "If an employer fails to make required contributions, a fiduciary of the plan may sue the employer, or another fiduciary of the plan, as that term is defined under ERISA, to recover the unpaid contributions." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir.2009); *see* 29 U.S.C. §§ 1132, 1109.

■ The Second Circuit has held that a fiduciary liability claim requires the plaintiff to show "that (1) the unpaid contributions were plan assets and (2) [the defendant] exercised a level of control over those assets sufficient to make him a fiduciary." *In re Halpin*, 566 F.3d 286, 289 (2d Cir.2009). In this case, for purposes of the present motion the Defendants do not dispute that the monies at issue were plan assets. Rather, the relevant dispute concerns the second element—whether Mitchell is alleged to have exercised sufficient control over those assets to hold her liable as a fiduciary under the provisions of ERISA.

■ In the statute, a "fiduciary" is defined as someone who "exercises any discretionary authority or discretionary control respecting management of [an ERISA benefit] plan *or* exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i) (emphasis added). The term "fiduciary" under ERISA has been broadly construed. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (finding that ERISA "expand[s] the universe of persons subject to fiduciary duties"); *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir.1997) ("Congress intended ERISA's definition of fiduciary to be broadly construed.") (internal quotation marks omitted); *Westchester Teamsters Local 456 v. Fleet Nat. Bank*, No. 02 Civ. 6664, 2006 WL 2385261 *5 (S.D.N.Y. Aug. 18, 2006) ("[c]ourts have construed broadly the definition of fiduciary contained in ERISA."). Thus, "one can be a fiduciary under ERISA because one is named as a fiduciary or by virtue of one's functions, *i.e.* what one does with respect to the Plans." *In re Xerox Corp. Erisa Litig.*, 483 F.Supp.2d 206, 213 (D.Conn.2007); *see Bouton v. Thompson*, 764 F.Supp. 20, 22 (D.Conn.1991) ("To determine whether a person is a fiduciary, the court must look at the functions performed by the individual, not the title that individual holds.").

For example, in *Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Manhattan Plumbing Corp.*, No. 08 Civ. 3036, 2010 WL 456870, at *2 (E.D.N.Y. Feb. 3, 2010), the court found that the following allegations were sufficient to allege fiduciary status: that the alleged fiduciary (1) "exercised operational control of [the company]"; (2) "was responsible for deciding whether to pay benefit contributions to the [benefit] Funds"; and (3) "caused the defendant [company] to use [the] withheld assets for purposes other than making contributions to the [benefit] Funds." *Id.; see also Pension Ben. Guar. Corp. v. Solmsen*, 671 F.Supp. 938, 944–45 (E.D.N.Y.1987) (noting that the "[m]ost significant[ ]" factor is whether the defendant "was responsible for authorizing and making payments to the Plan").

Of importance, courts have held that "[t]he determination of whether a person is a fiduciary is fact-based, and cannot be determined in a motion to dismiss." *Rispler v. Sol Spitz Co., Inc.*, No. 04 Civ. 1323, 2007 WL 1926531, at *4, *5 (E.D.N.Y. June 06, 2007) ("The determination as to when a service provider assumes *de facto* control is fact-intensive: persons or entities who are not identified as fiduciaries can be *de facto* fiduciaries if they have discretionary authority over assets in an ERISA plan."); *see Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 241 (2d Cir. 2002) (finding that a complaint could survive a motion to dismiss based on the bare allegation that a defendant was a fiduciary); *In re Xerox*, 483 F.Supp.2d at 213 ("The question of whether one is a functional fiduciary is fact-intensive and the court must accept well-pled allegations as true when ruling on a motion to dismiss."); *Rosenburg v. Int'l Bus. Machs. Corp.*, No. 06 Civ. 0430, 2006 WL 1627108, *5 (N.D.Cal. June 12, 2006) ("[w]hether IBM assumed fiduciary status ... will require a searching inquiry into the facts and is therefore inappropriate for resolution on a motion to dismiss.").

In the present case, the Plaintiffs contend that Sonya Mitchell "had the ultimate authority to determine, which, if any, delinquencies would be paid by Central." (Pl. Motion at 1.) Specifically, the Plaintiffs wish to substitute Sonya Mitchell for John Doe in the Complaint, which asserts that this individual "was a person with discretion and/or authority to pay contributions to Health Fund 917 and the Local 917 Pension Fund on behalf of Central" and thus "caused Central not to pay the Findings." (Compl. at ¶¶ 30–42.) The Court finds that these allegations would be sufficient to survive a motion to dismiss, and thus, adding Sonya Mitchell as a defendant in the present action would not be futile. *See Keir v. UnumProvident Corp.*, No. 02 Civ. 8781, 2003 WL 2004422, at *3 (S.D.N.Y. Apr. 29, 2003) ("The plaintiffs have alleged that Chandler exercised discretionary control over the management of the plans and that he personally breached this fiduciary duty. This allegation is sufficient to survive the motion to dismiss.").

Moreover, although not the relevant standard on a motion to amend, the Defendants also assert that the proposed amendment would fail to survive a Rule 56 summary judgment motion. However, the Plaintiffs in the instant case have offered specific evidentiary proof of Mitchell's authority over the ERISA funds based upon Mitchell's deposition testimony. Although the Court does not and need not rule on the merits of these allegations at this time, these statements from Mitchell's deposition lend further support to the Plaintiffs' claims of Mitchell's functional authority over the funds:

Q: Did anyone else at Central Parking review the [auditor's] findings?

A: No. . . .

Q: Did [Pete Buscher, your boss,] express to you any opinion as to the validity of the findings?

A: No, he didn't. . . .

Q: Did [Edy Albizu, the human resources manager] review the findings?

A: No, she didn't. . . .

Q: Did she give you any direction or anything like that?

A: No.

Q: Did she express any opinion regarding that?

A: No. . . .

Q: Is there somebody to whom you're supposed to report or you're supposed to report your analysis of the findings? Is there somebody who expected to hear from you what you thought of the findings that you had to tell that to in the organization?

A: No.

Q: Do you have the final authority to determine which findings will and will not be paid?

A: Well, it's based upon my response to the audit.

Q: Is there anybody from whom you must get approval? A: No.

Q: So you can decide, okay, this is payable, this is not, we and the auditors have reached an agreement and on your say so, that can be paid?

A: Yes. . . .

Q: So [Hector Chevalier, your boss] left the discretion to you?

A: Yes.

(*See* Mitchell Dep. at 41, 44, 45–46, 47, 54, 55.) These statements bolster the Plaintiffs' allegations that Mitchell had *de facto* discretionary control over the payment of the Funds.

Nevertheless, the Defendants nevertheless contend that the amendment would be futile, citing to *Finkel v. Romanowicz*, 577 F.3d 79 (2d Cir.2009). In *Finkel*, the Second Circuit affirmed the district court's denial of the plaintiff's motion for default judgment against an alleged fiduciary, reasoning that although the officer signed contribution checks and had some general knowledge that deductions were made from employees' wages, he had no responsibility for determining which of the company's creditors would be paid or in what order. However, this case is distinguishable for several reasons. As an initial matter, the standard on a motion for a default judgment is different from that of a motion to amend. Although both standards require a court to accept all of the movant's

factual allegations as true and draw all reasonable inferences in its favor, on a motion for a default judgment, "it is also required to determine whether the ... allegations establish [the alleged fiduciary's] liability as a matter of law". *Id.* at 84. Moreover, in that case, the district court had concluded that the movant had failed to allege that (1) the officer had the authority to determine which company bills to pay and when; or (2) he exercised that authority by using the money from the unpaid contributions for company payments. *See Finkel v. Whiffen Elec. Co., Inc.,* No. 06 Civ. 1269, 2007 WL 1395562, at *2 (E.D.N.Y. May 14, 2007).

In the present case, the statements in the Complaint allege that (1) "Doe was a person with discretion and/or authority to pay contributions to Health Fund 917 and the Local 917 Pension Fund on behalf of Central"; (2) "Doe exercised authority and/or control over payment of contributions and monies due to the Fund from Central"; (3) "Doe caused Central not to pay contributions and other monies to the Funds that had become plan assets of the Health and Pension Funds when they become due from Central"; (4) "Doe transferred monies due the Funds to Central instead of paying them to the Funds"; and (5) "Doe acted in his own interest, for his own account or on behalf of Central, whose interests were adverse to the Funds, by retaining "plan assets" or allowing "plan assets" of the Funds to be used to pay Central's debts or obligations to other parties." (Compl. at ¶¶ 30, 32, 34, 38, 41). Thus, unlike in *Finkel,* the Plaintiffs here have adequately alleged both that Mitchell had the authority to control the payment of contributions and monies due to the Funds, and exercised that authority by using the money from unpaid contributions to pay the company's other debts or obligations.

Accordingly, contrary to the Defendants' contentions, under the applicable standards, the Court finds that the proposed amendment to substitute Sonya Mitchell in place of the John Doe Defendant would not be futile.

### 2. Whether the Plaintiffs Exhibited Undue Delay in Bringing the Motion to Amend

■ Although the Defendants do not raise this issue, even if the Plaintiffs have ade-quately alleged claims against Sonya Mitchell as a "fiduciary" under ERISA, the Court must still consider the timeliness of the motion to amend. "One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *H.L. Hayden Co. v. Siemens Med. Sys.,* 112 F.R.D. 417, 419 (S.D.N.Y.1986) (collecting cases). Length of time, in of and itself, does not provide a basis to deny a motion to amend. *See Daniels v. Loizzo,* 174 F.R.D. 295 (S.D.N.Y.1997) (finding that the plaintiff's nine-year delay in submitting proposed amendments to the complaint did not necessitate the denial of the motion to amend absent evidence of prejudice to the defendants and in light of plaintiff's *pro se* status and former inadequate representation); *Rachman Bag Co.,* 46 F.3d at 234–35 (noting that a lengthy delay alone, in the absence of prejudice or bad faith, is not a sufficient basis to deny a motion to amend).

■ In the instant case, the Plaintiffs obtained the pertinent information with regard to Sonya Mitchell during the course of her deposition, which took place on the last day of discovery—October 28, 2011. Three days later, on November 3, 2011, the Plaintiffs filed a letter motion requesting permission to amend the Complaint to replace "John Doe" with Sonya Mitchell. Thus, after learning the relevant information, the Plaintiffs moved almost immediately to receive permission for the amendment currently at issue, hardly constituting any delay whatsoever.

In addition, the Plaintiffs have submitted an affirmation from Joann Emmons, employed by the Plaintiff Funds as Fund Manager, to attest to the fact that although she had communicated with Sonya Mitchell with regard to some of the audit findings that were contested by Central, the Funds' auditors "often speak with payroll managers or employees of similar status regarding payroll audit Findings" and that "in her experience, many of the payroll manager[s] with whom Findings are discussed do not have the final authority to determine which Findings will

be paid." (Emmons Aff., at ¶¶ 9–10.) Thus, it appears that the Plaintiffs did not exhibit any delay in attempting to obtain the relevant information, for they reasonably could not have known the significant facts prior to Mitchell's deposition.

In any event, it is well-settled that "amendments seeking to insert or correct matters about which parties should have known but did not know are plainly within the scope of Rule 15(a)." *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir.1986). Thus, even if the Plaintiffs had known that Sonya Mitchell should have been named as a defendant in the Complaint, absent bad faith or prejudice to the Defendants, it would not constitute grounds for denying the motion to amend. *See Duling*, 265 F.R.D. at 99 (S.D.N.Y.2010) ("Although defendants appear to be correct that plaintiffs' counsel was aware of [the party to be added's] potential role since early 2005, defendants do not explain how this delay prejudices them [and] [b]ecause delay alone is insufficient to deny a motion to amend, ... [and] defendants have not demonstrated any prejudice, plaintiffs' delay in seeking to add [the new defendant] is not a sufficient basis to deny plaintiffs' motion [to amend].").

Therefore, the Court finds the proposed amendment to be timely and sees no reason why delay would preclude the Court from granting the Plaintiffs' motion.

### 3. Whether the Amendment Would Be Unfairly Prejudicial

■■■■■■ In determining whether leave to amend should be granted, among the "most important" issues to consider is prejudice to the opposing party. *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir.2010) (internal quotations omitted). In analyzing "prejudice," courts consider whether the amendment would: (1) require the opponent to "expend significant additional resources to conduct discovery and prepare for trial," (2) significantly prolong the resolution of the action, or (3) "prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan*, 214 F.3d at 284. However, in general, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Continental Ill. Nat'l Bank & Trust of Chicago*, 889 F.2d 1248, 1255 (2d Cir.1989).

■■■■ The party opposing an amendment has the burden of proving that leave to amend would be prejudicial. *See Blaskiewicz v. Cnty. of Suffolk*, 29 F.Supp.2d 134, 137–38 (E.D.N.Y.1998). The main concern is undue or substantial prejudice—namely, when the nonmoving party shows that it would be fairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered.

Discovery in this case was completed on December 1, 2011, and Magistrate Judge Boyle marked the case trial ready at that time. For this reason, the Defendants argue that adding Sonya Mitchell as a defendant "at this extraordinarily late stage in the case is highly prejudicial" because discovery would need to be reopened for her to properly defend her case. Also, it may be potentially necessary for her to implead third-parties as well as move for summary judgment if she determines that there were other Central employees who had the requisite authority over the Funds' assets to qualify as an ERISA fiduciary. (Def. Opp. Motion at 6.) The Court disagrees.

■■■■ The mere fact that discovery is completed does not mean that the Defendants or Mitchell will suffer undue prejudice. *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 43 (2d Cir.1979) ("the adverse party's burden of undertaking discovery does not outweigh the Federal Rules' policy of liberally granting these amendments, thereby enabling the parties to adjudicate disputes on their merits."); *Randolph–Rand Corp. of New York v. Tidy Handbags, Inc.*, No. 96 Civ. 1829, 2001 WL 1286989, at *4, 2001 U.S. Dist. LEXIS 17625, at *14 (S.D.N.Y. Oct. 24, 2001) ("Allegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute 'undue prejudice.' ").

The Plaintiffs do not wish to add any factual allegations to the Complaint or add any

new causes of action. Rather, the Plaintiffs only wish to substitute Sonya Mitchell for the John Doe Defendant. Thus, the Defendants were aware of these claims from the outset and thus it is likely that additional discovery would not even be necessary. *See Smith v. Metro–North Commuter R.R.*, No. 97 Civ. 0843, 1998 WL 851602, at *2 (S.D.N.Y. Dec. 8, 1998) ("In addition, there is little risk of prejudice because the defendant clearly knew from the outset that the complaint was directed in part against its individual employees. As these persons have all been deposed, substantial additional discovery will not be required."). Furthermore, even if additional discovery is needed, such discovery would not be extensive. The Defendants only cite to the potential need to depose a few other employees of Central. This does not strike the Court as posing an unfairly prejudicial task. Thus, the Court finds that the amendment will not result in unfair prejudice to the Defendants or Mitchell.

### 4. Whether the Plaintiffs Have Demonstrated Bad Faith

Finally, the Court addresses whether the Plaintiffs have demonstrated bad faith so that an amendment to the Complaint should be prohibited. In the Court's view, nothing in the record indicates bad faith on the part of the Plaintiffs in filing the present motion. Because the proposed amendment is apparently based upon information obtained by the Plaintiffs through discovery, in particular the deposition of Sonya Mitchell, the Court finds that the Plaintiffs are moving in good faith, and the Defendants do not contend otherwise.

Thus, after reviewing the entire record, the Court sees no reason to deny the present motion.

For the foregoing reasons, it is hereby

**ORDERED** that the Plaintiff's motion to amend the Complaint to substitute Sonya Mitchell as a defendant in place of John Doe is granted; and it is further

**ORDERED** that the Plaintiffs shall have twenty (20) days in which to serve the amended Complaint upon Sonya Mitchell and Central; and it is further

**ORDERED** that the parties are referred to United States Magistrate Judge Boyle for the limited purpose of reopening discovery to address the claims that will now be brought against Sonya Mitchell; and it is further

**ORDERED** that the amended caption will read as follows:

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

NICHOLAS BERNHARD, RALPH NATALE, KIRK CONWAY, and ROY KOHN as TRUSTEES OF HEALTH FUND 917 AND THE LOCAL 917 PENSION FUND,

Plaintiffs,

-against-

CENTRAL PARKING SYSTEM OF NEW YORK, INC. and SONYA MITCHELL,

Defendants.