Jacob OLINER, As Trustee in Bankruptcy of the Estate of Zsa Zsa, Ltd., Bankrupt, Plaintiff,

v.

McBRIDE'S INDUSTRIES, INC., Bernard W. Berger, David Stern, Edward A. Ochs, Zsa Zsa Gabor, Zsa Zsa International, Inc., George D. Millay, Elmer Slavik and Donald Slavik, Defendants.

In re ZSA ZSA LIMITED, Bankrupt.

No. 72 Civ. 4613 (CHT).

United States District Court, S.D. New York.

Jan. 23, 1985.

Jacob Oliner, New York City, for plaintiff.

Frederic Z. Konigsberg, Great Neck, N.Y., for defendant Zsa Zsa Gabor.

TENNEY, District Judge.

Plaintiff Jacob Oliner, Esq. ("Oliner"), trustee in bankruptcy of the estate of Zsa Zsa, Ltd., moves pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) for leave to amend his complaint for a second time. Defendant Zsa Zsa Gabor ("Gabor"), argues that the motion should be denied because the new allegations are barred by the statute of limitations or because of prejudice to the defendant. The Court denies plaintiff's motion with respect to ¶¶ 13 and 14 of the proposed amended complaint, but grants the motion in all other respects.

### Background

This action, alleging conspiracies to transfer assets from a cosmetics company

by the name of Zsa Zsa, Ltd., now an adjudicated bankrupt, was commenced in 1972. The painfully lethargic character of the litigation, or non-litigation, of the case during the ensuing twelve years is chronicled in a recent opinion of this Court setting aside an entry of default against Gabor, the only remaining defendant. 102 F.R.D. 561 (S.D.N.Y.1984). The saga will not be repeated here.

### (1) *The First Amended Complaint*

The first amended complaint asserted four causes of action, only one of which was against Gabor. The other defendants included McBride's Industries, Inc. ("McBride") and several officers of McBride. The complaint set out the following basic sequence of events.

In September 1970, Zsa Zsa, Ltd. filed a petition under Chapter XI of the Bankruptcy Act. From that date until February 1972, when the company was adjudicated bankrupt, Zsa Zsa, Ltd. conducted its business as a debtor-in-possession. In October 1970, McBride assumed management of Zsa Zsa, Ltd., as a debtor-in-possession, and conducted the business of Zsa Zsa, Ltd. until February 1972. Since February 1972, plaintiff Oliner has served as trustee in bankruptcy for Zsa Zsa, Ltd.

In the cause of action asserted against Gabor, plaintiff claimed that in or about May 1971, and thereafter, Gabor and the other defendants conspired to and did transfer and divert to themselves intangible assets of Zsa Zsa, Ltd., including Gabor's service contract with that company. The plaintiff also claimed that during the same time period defendants fraudulently formed a corporation under the name of Zsa Zsa International, Inc. Plaintiff alleged resulting damages of $2.5 million.

**1.** Gabor was deposed in this action in November 1973. At that time the attorney who was acting on plaintiff's behalf indicated that he would move for permission to file additional pleadings to include allegations related to a company called Cosmedico, which was not mentioned in the original complaint. Although an amended complaint was, in fact, served in April 1974, it contained no reference to the company mentioned at the deposition.

### (2) *The Proposed Amendments*

In the proposed second amended complaint, plaintiff has deleted the three causes of action that were unrelated to Gabor, and has included additional allegations against her. The plaintiff continues to seek a judgment for $2.5 million.

Paragraphs 3 through 5 of the proposed complaint contain new factual allegations regarding Gabor's involvement with Zsa Zsa, Ltd. These paragraphs assert that (a) Zsa Zsa, Ltd. manufactured cosmetics purportedly based on secret formulas of defendant Gabor, (b) Gabor was Chairman of the Board of Directors of Zsa Zsa, Ltd. from its inception until February 1972, and (c) Gabor entered into a service contract with Zsa Zsa, Ltd. under which she agreed to promote the company's products and not to engage in any competitive or conflicting activity.

In addition, ¶¶ 9, 13 and 14 contain two new claims. Paragraph 9 alleges that Gabor conspired to deplete the estate of Zsa Zsa, Ltd. by unlawfully receiving $100,000 from the estate during the period when Zsa Zsa, Ltd. was a debtor-in-possession. Paragraphs 13 and 14 contain new allegations pertaining to a corporation called Cosmedico, allegedly formed by David Bruntzman ("Bruntzman"). These paragraphs assert that (a) in or about December 1974, Bruntzman took possession of the inventory of McBride by means of an alleged security interest, and (b) Bruntzman used Cosmedico to appropriate intangible assets of Zsa Zsa, Ltd. It is further alleged that Gabor entered into a contract with Cosmedico to promote the merchandising of the cosmetics of Zsa Zsa, Ltd. in violation of her service contract with Zsa Zsa, Ltd.[1]

In 1983, when defendant moved to have an entry of default set aside, plaintiff proposed that, as a condition to having the default set aside, defendant be required to consent to an amendment to the complaint to include allegations regarding Cosmedico. The Court, however, declined to impose this condition, but indicated that the amendment should be pursued, if at all, by separate motion. Plaintiff subsequently brought on this motion under Rule 15(a).

*(3) The Parties' Contentions*

Plaintiff argues on this motion that (a) "no surprise is being sprung" on the defendant since she was made aware of "the new factual issues" at her deposition in 1973,[2] and (b) under the terms of Rule 15(a),[3] the interests of justice would be served by permitting the proposed amendment.

In opposition to plaintiff's motion, defendant argues that the new allegations in ¶¶ 9 and 14 assert two new causes of action, and that both are untimely and barred by the applicable statute of limitations since they do not "relate back" under Rule 15(c) to the date of the prior pleadings.[4] Defendant also argues that she has been prejudiced by the delay since she would be required to prepare a defense to two completely new causes of action, both of which are twelve years old. Defendant states that she will have to engage in additional discovery, and that at this late date preparing an adequate defense regarding the new allegations may not be possible. Records, she argues, may have been lost or thrown away, and memories may have faded. Defendant also points out that plaintiff has offered no basis for excusing the delay.

### Discussion

■ Under Rule 15(a), leave to amend a pleading shall be freely granted when justice so requires. This provision has been liberally construed, and leave should be given absent undue prejudice to the opposing party, undue delay, or bad faith. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1967). The movant's delay alone is generally considered an insufficient ground for denying the motion. *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981); *Middle*

*Atlantic Utilities Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 385–86 (2d Cir.1968); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1488, at 438 (1971). The decision whether to grant leave to amend is, however, committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

■ The statute of limitations may bar the assertion of untimely claims in an amended pleading. *See S.M.W. Dev. Corp.*, 392 F.2d at 385–86. When, however, an otherwise untimely claim arose out of the conduct, transaction or occurrence set forth in the original pleading, the claim will relate back, under Rule 15(c), to the date of the original pleading. *Id.*

■ New allegations contained in an amended pleading will relate back if the allegations amplify the facts alleged in the original pleading or set forth those facts with greater specificity. *See Senger v. Soo Line R.R. Co.*, 493 F.Supp. 143, 145 (D.Minn.1980); 6 C. Wright & A. Miller, *supra*, § 1497, at 490.

■ Where the new allegations go beyond such amplification, the critical question is whether the original pleading gave the defendant fair notice of the material subsequently raised in the amended pleading. *See Rosenberg v. Martin*, 478 F.2d 520, 526–27 (2d Cir.), *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973). The analysis employed to resolve this question is essentially an examination of whether there is a common core of operative facts linking the amendments and the original complaint. *See Senger*, 493 F.Supp. at 145; 6 C. Wright & A. Miller, *supra*, § 1497, at 495.

---

**2.** *See supra* note 1.

**3.** Rule 15(a) provides in pertinent part:

 (a) Amendments. A party may amend his pleading once as a matter of course.... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

**4.** Rule 15(c) provides in pertinent part:

 ·(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

[T]he question is whether the defendant ought to have known from the original complaint the facts plaintiff is now adding. Whether to permit an amendment is not decided by mechanically measuring it against a statute of limitations. Once a complaint has been served, the policy behind the statute of limitations has been satisfied so long as the different theories introduced by the amendment fuse together within the "conduct, transaction, or occurrence" set forth in the complaint. *Zagurski v. American Tobacco Co.*, 44 F.R.D. 440, 442–43 (D.Conn.1967); *see* 6 C. Wright & A. Miller, *supra*, § 1497, at 497 (discussing *Zagurski*). It should be noted that in its analysis the court may hold the defendant responsible for being on notice of the liberal approach to pleadings and to requests to amend that exists under the Federal Rules of Civil Procedure. *See Barthel v. Stamm*, 145 F.2d 487, 491 (5th Cir.1944), *cert. denied*, 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1945).

■ Defendant in this case properly raises no objection to ¶¶ 3 through 5 of plaintiff's second amended complaint. As these paragraphs provide factual "meat" on the existing "bones" of the first amended complaint, the Court will permit the plaintiff to make the amendments set forth in these paragraphs.

As for ¶¶ 9 and 14 of the second amended complaint, defendant argues that the amendments are barred by the applicable statute of limitations, and that they would cause her undue prejudice. Plaintiff does not address the issue of untimeliness, but asserts that defendant's claim of prejudice is specious since she had notice of the new matter in 1973.

Paragraphs 9 and 14 set forth new claims which are time-barred unless they relate back to the date of the original pleading. Paragraph 9 raises a claim which may be either a claim for conversion or a contract claim, while ¶ 14 raises a contract claim. Under New York law, the statute of limitations for conversion actions is three years, N.Y.Civ.Prac.Law § 214(4) (McKinney Supp.1984–1985); the statute of limitations for contract actions is six years. *Id.*, § 213(2). Since the claim in ¶ 9 allegedly arose while Zsa Zsa, Ltd. was a debtor-or-in-possession, the statute of limitations must have started to run in or before 1972. Thus, this claim would have been untimely by 1975 or 1978, depending on which statute of limitations is applicable. There is no indication as to when the facts alleged in ¶ 14 took place. Even, however, if the Court assumes that they occurred in 1974, the year when it is alleged that Bruntzman took title to McBride's inventory, the claim in ¶ 14 would have been untimely in 1980.[5]

Thus, the critical question is whether the claims in ¶¶ 9 and 14 relate back. Applying the case law set out above, the Court finds that plaintiff may amend his complaint to include ¶ 9, but not ¶ 14, or its companion, ¶ 13.

■ The claim in ¶ 9 is essentially consistent with the claim asserted against Gabor in the first amended complaint. There, plaintiff alleged that Gabor was involved in a scheme to divert *intangible* assets from Zsa Zsa, Ltd. during the time when that company was a debtor-in-possession. Now, plaintiff alleges in addition that Gabor was party to a scheme to divert specific *tangible* assets—$100,000—from Zsa Zsa, Ltd. when it was a debtor-in-possession. Thus, the proposed claim is a natural offshoot of the basic scheme to divert assets which was set forth in the first amended complaint. Defendant was, or should have been, on notice that such a claim might be raised in the course of this litigation. Therefore, this claim relates back under Rule 15(c).

The Court also rejects defendant's argument that she would suffer undue preju-

---

5. Given the facts alleged and the length of the limitation periods provided under state law, the new claims appear to be unaffected by section 11(c) of the Bankruptcy Act, 11 U.S.C. § 29(e) (1976) (repealed effective Oct. 1, 1979). That section provided that a trustee in bankruptcy would have at least two years from the date on which the estate was adjudicated bankrupt to bring suit on claims as to which the limitation period had not run when the petition was filed.

dice as a result of the amendment in ¶ 9, and that the Court should reject plaintiff's motion on this ground. Although defendant asserts significant prejudice, and states that evidence and testimony regarding the allegations in ¶ 9 *may* be unavailable after the passage of so much time, she makes no showing to substantiate this claim. *See Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y.1970). Under these circumstances, the Court's finding that the first amended complaint put defendant on notice of the claim in ¶ 9 essentially obviates defendant's claim of prejudice. Thus, the Court finds that plaintiff should be permitted to amend his complaint to include ¶ 9.

■ Defendant was not, however, given adequate notice of the claim now raised in ¶ 14. The claim in ¶ 14 and the allegations in ¶ 13 introduce to the litigation a new company, Cosmedico, and a new individual, Bruntzman, which were nowhere mentioned in the prior complaint. The dispositive factor, however, is that ¶ 14 introduces an alleged breach of Gabor's service contract, a claim deriving from conduct which is different and a transaction which is separate from that alleged in the prior complaint. Gabor's service contract was mentioned in the prior complaint only as an example of an intangible asset improperly transferred from Zsa Zsa, Ltd. to McBride. Now, plaintiff seeks to assert for the first time (a) that Gabor entered into a contract with Cosmedico, and (b) that in so doing she violated her service contract with Zsa Zsa, Ltd. The conduct previously set forth—a scheme or schemes to divert assets—did not foreshadow the breach of contract claim in ¶ 14, and thus did not give defendant notice that she might be required to defend against such a claim.[6] Thus, the amendment in ¶ 14 and its companion amendment in ¶ 13 do not relate back, and the plaintiff will not be permitted to amend his complaint to include these paragraphs.

*Conclusion*

Plaintiff's motion to amend his complaint is denied with respect to ¶¶ 13 and 14, and granted in all other respects.

So ordered.

---

6. Certainly, the fact that plaintiff's counsel indicated at a deposition in 1973 that he would amend the pleadings to include allegations regarding Cosmedico, *see supra* note 1, cannot be said to constitute notice for the purposes of this analysis. Indeed, particularly because plaintiff's subsequent amendment to the pleadings in 1974 did not include such allegations, the defendant would have been warranted in concluding, some time ago, that plaintiff had decided not to pursue any claims involving Cosmedico. Further, plaintiff's unexcused failure over the next ten years to pursue the claim, despite the fact that he was apparently fully aware of it, weighs against his present motion with respect to ¶ 14. *See* 6 C. Wright & A. Miller, *supra*, § 1488, at 433 (1971 & Supp.1983).