**John BONERB, Plaintiff,**

v.

**The RICHARD J. CARON FOUNDATION, a/k/a and/or Chit–Chat Westfield, Defendant.**

**No. 93–CV–785H.**

United States District Court, W.D. New York.

Dec. 21, 1994.

Patrick J. Maloney, Buffalo, for plaintiff.

John M. Quinn, Jr., Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., Erie, PA, for defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented pursuant to 28 U.S.C. § 636(c) to have the undersigned conduct all further proceedings in the case. Plaintiff has moved to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion is granted.

### BACKGROUND

In this diversity action, plaintiff seeks damages for personal injuries allegedly sustained when he slipped and fell while playing basketball on defendant's recreational basketball court on November 29, 1991. Defendant is a not-for-profit corporation licensed and doing business as a drug and alcohol rehabilitation facility in Westfield, Pennsylvania. Plaintiff is a resident of Western New York.

The original complaint, filed on October 1, 1993, alleges that plaintiff was injured while he was a rehabilitation patient at defendant's Westfield facility, and was participating in a mandatory exercise program. Plaintiff claims that the basketball court was negligently maintained by defendant.

On July 25, 1994, this court granted plaintiff's motion for substitution of new counsel. On September 1, 1994, plaintiff moved to amend his complaint to add a new cause of action for "counseling malpractice" (Item 16, Mahoney Aff., ¶ 4). According to plaintiff's counsel, investigation and discussions undertaken after his substitution as counsel indi-

**18**

cated to him that a malpractice claim was warranted under the circumstances (*id.*). Defendant objects to the amendment on the grounds that the counseling malpractice claim does not relate back to the original pleading and is therefore barred by Pennsylvania's two-year statute of limitations.

### DISCUSSION

■ Rule 15 of the Federal Rules of Civil Procedure provides that once time for amending a pleading as of right has expired, a party may request leave of court to amend, which "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This provision has been liberally construed, and leave to amend should be granted absent undue prejudice to the party opposing the amendment, undue delay on the part of the party seeking the amendment, or bad faith. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Oliner v. McBride's Industries, Inc.*, 106 F.R.D. 9, 12 (S.D.N.Y.1985). However, an amendment which seeks to add a time-barred claim would be futile, and should not be allowed unless the otherwise untimely claim "relates back" to the date of the original pleading. Fed.R.Civ.P. 15(c); *Oliner v. McBride's, supra; see also Middle Atlantic Utilities Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 385 (2d Cir.1968); *Aequitron Medical, Inc. v. CBS, Inc.*, No. 93 Civ. 950, 1994 WL 414361, at *2 (S.D.N.Y. August 5, 1994).

■ Plaintiff contends that the professional malpractice claim would be timely under New York's three-year limitations period for malpractice claims "other than medical, dental or podiatric malpractice...." C.P.L.R. § 214(6). Defendant contends that such a claim would be time-barred under Pennsylvania's two-year limitations period for personal injuries based on negligence.

■ In determining whether a claim in a diversity case is time-barred, the federal court applies whatever statute of limitation the courts of the forum state would apply. *Klaxon v. Stetnor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); 2 *Moore's Federal Practice* § 3.08[1], at 3–41. Under *Neumeier v. Kuehner*, 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972), New

York's current choice-of-law rules require the court to consider the following three elements: the domicile of the plaintiff, the domicile of the defendant, and the place where the injury occurred. *Datskow v. Teledyne Continental Motors*, 807 F.Supp. 941, 943 (W.D.N.Y.1992). "When more than one of these is located in the same state, that state's law should ordinarily control." *Id.; see also Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) ("controlling law" includes state's statute of limitations).

In this case, defendant is domiciled in Pennsylvania, and the injury occurred in Pennsylvania. Pennsylvania's two-year statute of limitations for negligence actions therefore applies to plaintiff's professional malpractice claim. 42 Pa.Cons.Stat. §§ 5524(2) ("An action to recover damages for injuries to the person ... caused by the wrongful act or neglect ... or negligence of another"), 5524(7) ("Any other action ... to recover damages for injury ... which is founded on negligent, intentional, or otherwise tortious conduct ..."); *Baehr v. Touche Ross & Co.*, 62 B.R. 793, 797 (Bankr.E.D.Pa. 1986) (two-year statute of limitations for professional malpractice claim). Thus, since plaintiff's claim for professional malpractice accrued at the time of the injury on November 29, 1991, it is time-barred unless it relates back to the October 1, 1993 filing date of the original complaint. *See, e.g., Zee–Bar, Inc. v. Kaplan*, No. 88–60–B, 1993 WL 381559, at *3 (D.N.H.1993).

■ Rule 15(c)(2) provides that where a party seeks to amend its pleading to assert a claim that would otherwise be time-barred, the claim may be saved by "relation back" to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." In determining whether a claim relates back, courts look to the "operational facts" set forth in the original complaint to determine whether the defendant was put on notice of the claim that the plaintiff later seeks to add. *Hooper v. Sachs*, 618 F.Supp. 963, 977 (D.Md.1985), *aff'd*, 823 F.2d 547 (4th Cir.),

*cert. denied,* 484 U.S. 954, 108 S.Ct. 347, 98 L.Ed.2d 373 (1987). As stated in *Tri–Ex Enterprises, Inc. v. Morgan Guaranty Trust Co.,* 586 F.Supp. 930, 932 (S.D.N.Y.1984):

> [T]he relation back doctrine is based upon the principle that one who has been given notice of litigation concerning a given transaction or occurrence has been provided with all the protection that statutes of limitation are designed to afford. Thus, if the litigant has been advised at the outset of the general facts from which the belatedly asserted claim arises, the amendment will relate back even though the statute of limitations may have run in the interim.

An amendment which changes the legal theory of the case is appropriate if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading. *Federal Deposit Ins. Corp. v. Bennett,* 898 F.2d 477, 480 (5th Cir.1990) (citing Wright, Miller, Kane, *Federal Practice & Procedure,* Vol. 6A, § 1497 (1990)). Thus, an amendment "that changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back." *Koal Industries Corp. v. Asland, S.A.,* 808 F.Supp. 1143, 1158 (S.D.N.Y.1992) (quoting 3 *Moore's Federal Practice,* ¶ 15.15[3.–2], at 15–149, 15–150); *see also Zagurski v. American Tobacco Co.,* 44 F.R.D. 440, 442 (D.Conn.1967); *Carroll v. Sterling Hotel Co.,* 16 F.R.D. 99 (M.D.Pa.1954).

In this case, the original complaint alleges that plaintiff was injured when he slipped and fell on a wet, muddy basketball court "while participating in a mandatory exercise program ..." at defendant's rehabilitation facility (Item 1, ¶ 8). Plaintiff alleges several instances of defendant's negligent conduct, such as failure to maintain the premises safely, failure to warn, failure to inspect and failure to "properly supervise and/or instruct plaintiff ..." (*id.,* ¶ 9). The proposed amendment seeks to allege that plaintiff "was caused to fall while playing in an outdoor basketball court ... in an exercise program mandated as part of his treatment in the rehabilitation program ..." (Item 16, Ex. A, ¶ 20), and that "the rehabilitation and counseling care rendered ... was negligently, carelessly and unskillfully performed" (*id.,* ¶ 21).

The allegations in the original and amended complaints derive from the same nucleus of operative facts involving the injury suffered by plaintiff on November 29, 1991. It is true that a claim for professional malpractice invokes an entirely different duty and conduct on the part of the defendant than does a claim for negligent maintenance of the premises. However, the original complaint advised defendant of the same transaction or occurrence giving rise to these different theories of negligence. Indeed, the original complaint alleged that participation in the exercise program was mandatory, and that the injury was caused by defendant's failure to "properly supervise and/or instruct plaintiff...." These allegations not only gave defendant sufficient notice of the general facts surrounding the occurrence, but also alerted defendant to the possibility of a claim based on negligent performance of professional duties. *See, e.g., Crossland Savings FSB v. Rockwood Insurance Co.,* 700 F.Supp. 1274, 1279 (S.D.N.Y.1988). This is all that is required for relation back under Rule 15(c).

Defendant contends that it will be unduly prejudiced by the amendment because it will have to return to the drawing board to prepare an entirely new defense. However, as plaintiff points out, the period for discovery has not yet expired, depositions of defendant's personnel have not yet been taken, and expert witness information has not been exchanged. In addition, the parties have consented to trial before the undersigned, thereby simplifying any further supervision of discovery and the conduct and review of pretrial matters and dispositive motions.

Finally, there has been no showing of undue delay or bad faith on the part of plaintiff.

### CONCLUSION

For the reasons set forth above, plaintiff's motion for leave to amend the complaint (Item 16) is granted. The amended complaint attached as Exhibit A to Item 16 shall be deemed filed and served as of the date of

this order, and defendant shall plead in response in accordance with Fed.R.Civ.P. 15(a).

**SO ORDERED.**