**SOKOLSKI, Plaintiff,**

v.

**TRANS UNION CORPORATION and Bank One Columbus, N.A., Defendants.**

**No. 96–CV–3004(LDW)(ETB).**

United States District Court, E.D. New York.

March 24, 1998.

Jeffrey Lerman, Mineola, NY, for Plaintiff.

Mark E. Kogan, Marion, Satzberg, Trichon & Cogan, Philadelphia, PA, for Trans Union.

Steven Blatt, Shaw, Licitra, Eserni & Schwartz, Garden City, NY, for Bank One.

## MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

Plaintiff Robert E. Sokolski brings this action against Trans Union Corporation ("TUC") and Bank One Corporation ("BOC"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692, *et seq.*, and § 349 of the New York General Business Law. Presently before the court is plaintiff's motion to amend his complaint to add a class action under Rule 15 of the Federal Rules of Civil Procedure, to correct the caption to substitute the correct name of a party defendant, to extend discovery, to compel compliance with document demands, and for leave to file interrogatories *nunc pro tunc.*

The primary issue relates to the motion to amend which raises the question of whether an individual plaintiff may be permitted to amend his complaint to include a class of plaintiffs under the relation back theory—

Rule 15(c) of the Federal Rules of Civil Procedure—where the statute of limitations to add such a class has expired. For the reasons stated below, the court grants in part, and denies in part, the plaintiff's requests for relief.

## BACKGROUND

On June 20, 1995, plaintiff Robert Sokolski received a collection letter on Trans Union Columbus Division letterhead. *See Letter from Trans Union to Robert Sokolski,* dated June 15, 1995, attached as Exh. A to *Pltff.'s Mem. in Supp. of Mot. to Amend.* The letter states "[w]e at Trans Union are a national credit bureau, and we are writing out of concern for your credit rating." *Id.* The letter states that the plaintiff owed a $40.00 payment to defendant BOC, which was late and would soon be reported as past due. *Id.* The letter further states that BOC had permitted TUC to contact the plaintiff regarding the matter. Finally, the letter requests plaintiff to send payment immediately in order to protect his credit rating. *Id.* In response to this letter, plaintiff paid $40.00 to BOC. *See* Cplt., at ¶ 35, dated June 14, 1996.

On or about August 20, 1995, Plaintiff received a similar collection letter, also on Trans Union Columbus Division letterhead. This letter stated that the plaintiff owed $43.00 to defendant BOC, and that plaintiff should pay at once in order to protect his credit rating. Plaintiff, again, made his payment to BOC.

As a result of these letters, Mr. Sokolski contacted Trans Union by telephone in February of 1996. *See Pltff.'s Mem. In Supp. Mot.,* at 6. Plaintiff spoke with a woman who identified herself as Jill Bates. She informed the plaintiff that the aforementioned letters were not sent by Trans Union. *Id.* Ms. Bates then told plaintiff that the letters were sent by BOC through a special computerized software collection package know as "COLLETS," for which TUC has a trademark. *Id.*

On June 14, 1996, Plaintiff Robert E. Sokolski brought this action against defendants TUC and BOC, claiming that the defendants

violated both the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692, *et seq.,* and § 349 of the New York General Business Law (Consumer Protection from Deceptive Acts and Practices). Plaintiff alleges that defendants TUC and BOC engaged in deceptive and unfair practices in a written communication to the plaintiff, dated June 15, 1995, to collect a debt allegedly owed by the plaintiff.

Plaintiff brought a separate action against defendants TUC and BOC on August 15, 1996, claiming the same violations based on the similar written communication sent to the plaintiff, dated August 15, 1995. These actions were subsequently consolidated by order dated April 25, 1997, on consent of all of the parties. *See Order of the Hon. Leonard D. Wexler,* dated April 25, 1997.

On July 17, 1997, the plaintiff moved for leave to amend the complaint to include a class of plaintiffs consisting of all persons who received similar letters to that of the plaintiff from June 15, 1995 through June 14, 1996. The court heard oral argument on the motion to amend on January 28, 1997.

In plaintiff's proposed amended complaint, plaintiff alleges that "[i]t is believed that communications similar, if not identical to the demand form letters received by the Plaintiffs, have also been received by all Class members." *Proposed Amended Cplt.,* at 63. As a result, the plaintiff requests leave to amend his complaint to add a class of plaintiffs.

In support of his motion, the plaintiff argues that the defendants will not be prejudiced by an amendment. Plaintiff claims that the motion to amend should be granted because the proposed amendment relates back to the same conduct alleged in the original complaint and that the proposed class of plaintiffs will satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Defendants argue that the plaintiffs motion to amend the complaint should be denied as prejudicial, untimely and futile. Defendants argue the motion is futile because (1) the statute of limitations bars any claims made by the proposed class, and (2) injunctive relief is improper under the FDCPA.

*DISCUSSION*

A. *The Applicable Standard for a Motion to Amend*

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading ... by leave of court" and that "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). This rule also allows for the addition of new plaintiffs. *Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.,* 1997 WL 26293, *2, (S.D.N.Y. Jan. 22, 1997) (citing *Staggers v. Otto Gerdau Co.,* 359 F.2d 292 (2d Cir.1966) (citations omitted)). Generally, amendments are favored, as they tend "to facilitate a proper decision on the merits." *Junior Gallery,* 1997 WL 26293, at * 2 (quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). In addition, the Second Circuit has stated that "[t]he district court has discretion whether or not to grant leave to amend, and its discretion is not subject to review on appeal except for abuse of discretion." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (quoting 3 Moore's Federal Practice ¶ 15.08[4], at 15–16 (2d ed.1992) (footnotes omitted)).

The party opposing such amendment had the burden of establishing that leave to amend would be prejudicial or futile. *Harrison v. NBD Inc.,* 1998 WL 10723, at *6 (E.D.N.Y. Jan. 10, 1998) (citing *Panzella v. Skou,* 471 F.Supp. 303, 305 (S.D.N.Y.1979)). In making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is "clearly frivolous or legally insufficient on its face." *Northbrook,* 167 F.R.D. at 647 (citing *Lerman v. Chuckleberry Pub., Inc.,* 544 F.Supp. 966, 968 (S.D.N.Y. 1982)), rev'd on other grounds sub. nom., 745 F.2d 123 (2d Cir.1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985). "If the [movant] has at least colorable grounds for relief, justice ... require[s]" that the court grant leave to amend a complaint. *Golden Trade, S.r.L. v. Jordache,* 143 F.R.D.

504, 506 (S.D.N.Y.1992) (quoting *S.S. Silberblatt*, 608 F.2d at 42).

### B. Statute of Limitations is Not a Bar to Amendment

A motion to amend the complaint may be considered futile if the claims sought to be added are barred by the relevant statute of limitations. *Northbrook National Insurance Company*, 167 F.R.D. at 647–48 (E.D.N.Y.1996) (citing *Deluca v. Atlantic Refining Co.*, 176 F.2d 421 (2d Cir.1949), *cert. denied*, 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581 (1950); *Long v. United States*, 616 F.Supp. 1280 (E.D.N.Y.1985)). However, under Rule 15(c) of the Federal Rules of Civil Procedure, an otherwise time-barred claim may be deemed timely based on the "relation back" doctrine. Fed.R.Civ.P. 15(c)(2). Rule 15(c)(2) provides, in pertinent part, that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.* In deciding whether the claims relate back, the court must also examine if "the factual allegations set forth in the original complaint gave the defendants adequate notice of the new claims." *See Kim v. Dial Service Int'l, Inc.*, 1997 WL 5902, at * 13 (S.D.N.Y. Jan. 8, 1997).

#### 1. Same Conduct, Transaction or Occurrence

In order to determine whether the proposed amended complaint relates back to the original complaint, the court must examine whether "there is a common core of operative facts linking the amendments and the original complaint." *See Oliner v. McBride's Industries, Inc.*, 106 F.R.D. 9, 12 (S.D.N.Y.1985) (finding that "the proposed claim [in the second amended complaint] is a natural offshoot of the basic scheme to divert

assets which was set forth in the first amended complaint"). The existence "of an underlying common scheme or course of conduct which is the basis of the original action and links otherwise distinct transactions" provides grounds for relation back under Rule 15(c). *See In re Austin Driveway Services, Inc.*, 179 B.R. 390, 397 (Bkrtcy.D.Conn.1995); *see also In re Chaus Sec. Litig.*, 801 F.Supp. 1257, 1264 (S.D.N.Y.1992) (finding that common scheme to defraud investors by misrepresenting company's earnings allowed for relation back under Rule 15(c)(2)).

In the present case, the statute of limitations for FDCPA claims is one year from the date that the collection letter was mailed or one year from the date that plaintiff received the letter from BOC.[1] The date of mailing is June 15, 1995, and the date of receipt of the collection notice is June 20, 1995. The plaintiff timely filed his underlying complaint against defendants on June 14, 1996, one day short of a year from the mailing. Plaintiff proposes to add as a class the persons who received the same collection letters between June 15, 1995 and June 14, 1996. The proposed class period comports with the applicable statute of limitations provided that the amendment relates back to the date of the original pleading—June 14, 1996. Fed. R.Civ.P. 15(c).

The new claims proposed by the amended complaint for violations of the FDCPA are a "natural offshoot" of the "basic scheme" to defraud the original plaintiff debtor, and therefore relate back to the original complaint. *See Oliner*, 106 F.R.D. at 13. The actions of defendants of allegedly authorizing the mailing of collection letters on TUC letterhead, and the content of those letters is the same conduct that gives rise to the claims of the proposed plaintiff class. *See Neufeld v. Neufeld*, 910 F.Supp. 977, 985–86 (S.D.N.Y.1996) (allowing relation back to include new plaintiff after expiration of statute of limitations where "substance of allegations

---

**1.** The Second Circuit, in *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865 (2d Cir.1992), declined to decide whether a cause of action under the FDCPA accrued on the date of mailing or upon receipt of the collection notice for purposes of the one year statute of limitations. *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868, n. 2 (2d

Cir.1992). Although the court recognized the differences of opinion among other courts, it stated that the decision was not necessary in that particular case. *Id.* The decision is also unnecessary in the present case as the plaintiff's suit was commenced prior to both the mailing date and the date of receipt.

concerning [new plaintiff] are fully set forth as acts which were also carried out against [original plaintiff]").

### 2. Adequate Prior Notice

■ Allowing an amendment to relate back under Rule 15(c) is proper "when the status of the original plaintiff and a liberal reading of the complaint apprise defendant of the existence of the additional plaintiff's existence and claims," or "if the defendant has had actual notice that additional parties might assert claims arising out of the transaction or occurrence at issue." *Andujar v. Rogowski*, 113 F.R.D. 151, 158 (S.D.N.Y. 1986); *see also* 6 Wright & Miller, *Federal Practice and Procedure* § 1501 ("As long as a defendant is fully apprised of a claim arising from specific conduct and has prepared to defend the actions against him, he will not be prejudiced by the addition of a new plaintiff and thus should not be allowed to raise a limitations defense. As long as the original complaint gives the defendant adequate notice, an amendment relating back is proper even if it exposes defendant to greater damages."). "The principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party by the general fact situation alleged in the original pleading." *In re Chaus Sec. Litig.*, 801 F.Supp. at 1264 (quoting *Contemporary Mission Inc. v. New York Times Co.*, 665 F.Supp. 248, 255 (S.D.N.Y., aff'd, 842 F.2d 612 (2d Cir.), *cert. denied sub. nom.*, *O'Reilly v. New York Times Co.*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988) (citation omitted))).

■ In the present case, the original complaint provided the defendants with adequate notice that a class action was contemplated and would be sought. Clause (1) of plaintiffs prayer for relief requests that plaintiff be granted leave to amend the complaint to name and certify a class action within 60 days before trial. *Cplt.*, ¶ 71. The original complaint also alleges that defendant TUC "intended to induce plaintiff *and others* to send money to Bank One Corporation by sending, encouraging and/or authorizing the letter in its name and/or on its letterhead." *Cplt.*, ¶ 54 (emphasis added). The original

complaint further claims that TUC authorized BOC to use "Trans Union Corporation's letterhead or name and collection package to send dunning letters to consumers, and Plaintiff, Robert E. Sokolski," *Cplt.*, ¶ 5 (emphasis added), and that BOC used a name other than its own to deceive plaintiff and "others" that a third person was attempting to collect a debt, *Cplt.*, ¶ 6. Therefore, the defendants had sufficient notice that a class action could be filed against them and that the conduct complained of affected other persons.

Because the "same conduct" requirement of Rule 15(c) is satisfied and adequate notice was provided by the plaintiff in the original pleading, the court finds that proposed amendment relates back to the original complaint. Consequently, the statute of limitations does not bar the claims of the proposed amended class.

The amended complaint shall be served on the defendant within ten (10) days from the date herein. The defendants shall file their responsive pleadings within ten (10) days from their receipt of the amended complaint.

### C. No Showing of Prejudice or Untimeliness

■ The defendants fail to demonstrate any prejudice that they will suffer by allowing the plaintiff to amend his complaint to include a class. Where the asserted claims of the proposed additional plaintiffs are identical to those of the original plaintiff and arise from the same conduct, defendants will not be prejudiced in defending their claims. *Junior Gallery, Ltd.*, 1997 WL 26293, at *5 (citing *Soler v. G & U, Inc.*, 103 F.R.D. 69, 74 (S.D.N.Y.1984)). Defendants had adequate notice in the original complaint of the potential additional claims arising from their conduct. Consequently, defendants should be prepared to defend the class action against them and will not be prejudiced by the addition of the amendment. *See Andujar*, 113 F.R.D. at 155 ("As long as defendant is fully apprised of a claim arising from specific conduct and has prepared to defend the actions against him, he will not be prejudiced by the addition of a new plaintiff."). The court will extend discovery to afford the parties an

opportunity to conduct any additional discovery that arises from the amendment, discussed *infra.*

Defendants also argue that the plaintiffs motion to amend is untimely. As early as February of 1996, plaintiff was aware of a possible agreement by which Bank One used a computerized collection package known as "COLLETS" that it received from Trans Union in the collection of its debts. Plaintiff's Combined Motion, ¶ 5. However, "[e]ven assuming that there was delay by [plaintiff], and that such delay was unjustified, those factors alone would not warrant denying leave to amend absent some showing of bad faith or resulting prejudice to defendants." *Junior Gallery, Ltd.,* 1997 WL 26293, at *5 (citing *State Teachers Retirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981)). The court finds that the timing of this application is not sufficient to deny leave to amend.

Accordingly, the court rejects defendants' arguments of prejudice and untimeliness, and grants plaintiff's motion for leave to amend to assert a class action.

### D. *Injunctive Relief*

Defendants maintain that plaintiff's motion to amend should also be denied as futile because the FDCPA does not provide for injunctive relief. The plaintiff does not dispute this contention. Defendants are correct. *Goldberg v. Winston & Morrone, P.C.,* 1997 WL 139526, *3 (S.D.N.Y.1997) (stating that "violations of the FDCPA cannot serve as the basis for injunctive relief for private plaintiffs"). Therefore, to the extent that the amended complaint seeks injunctive relief, defendants' request is granted and plaintiffs shall be barred from requesting such relief in the amended complaint. The unavailability of injunctive relief for violations of the FDCPA, does not, however, otherwise taint the plaintiff's request to amend to allege a class action.

### E. *Amendment of Caption*

Plaintiff also seeks to amend the caption to substitute Bank One Columbus, N.A. as a party defendant in place of Bank One Corporation. Plaintiff originally named Bank One

Corporation together with TUC. Plaintiff subsequently was advised by BOC that the subsidiary responsible for the conduct alleged is Bank One Columbus, N.A.

The defendants do not dispute that Bank One Corporation and Bank One Columbus, N.A. have appeared and participated in this proceeding since its inception. *See Pltff.'s Mem. Law, in Supp. Mot. to Amend,* at 25. There is no objection to this request. Where a plaintiff mislabels the proper defendant and/or incorrectly spells its name, courts generally grant the plaintiff leave to correct the mistake. *Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1302 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990) (allowing plaintiff to amend caption in order to name the proper subsidiary); *Daniels v. Loizzo,* 174 F.R.D. 295, 300 (S.D.N.Y.1997) (allowing plaintiff to amend complaint to correct spelling of defendant's name). Accordingly, plaintiff's motion to change the caption to substitute Bank One Columbus, N.A. for BOC is granted without opposition.

### F. *Extension of Discovery*

Discovery is extended to June 30, 1998 to permit the parties to complete class discovery and to comply with outstanding document requests and interrogatory requests, discussed *infra* at G.

### G. *Plaintiff's Motion to Compel Document Production and for Leave to File (Signed) Interrogatory Requests to Replace the Previously Served Unsigned Interrogatories*

#### 1. *Motion to Compel Document Production*

The court notes that the plaintiff's counsel unnecessarily delayed this motion to compel production for approximately eleven (11) months. There are many circumstances under which such a delay could be fatal. There is, however, a strong interest that litigation should be resolved on the merits of a party's claim. This leads the court to conclude that the delay in moving to compel is not a fatal defect. *See Fitzgibbon v. Sanyo Sec. Am.,*

1994 WL 281928, at * 3–4 (S.D.N.Y. June 22, 1994) (where plaintiff's attorney was "less than diligent in seeking discovery," court granted plaintiff's request to obtain discovery in order to contest motion for summary judgment).

### a. Bank One Columbus, N.A.

As stated in the affidavit of Steven Blatt, dated July 25, 1997, the primary reason for BOC's non-compliance—to the extent that it failed to produce documents—was the relevance objection that plaintiff's "discovery requests were tailored to obtaining information in a class action ..." *See Aff. of Steven Blatt,* ¶ 7, dated July 25, 1997. Counsel acknowledges that "the type of documentation and information sought by Sokolski may have become warranted had Sokolski timely moved for certification as a class...." That circumstance is now changed. The objection by the defendant to the production of financial statements and tax returns is without merit, since the complaint also contains a common law fraud cause of action. Therefore, plaintiff's motion to compel document production is granted.

### b. Trans Union Corporation

#### 1) Document Requests Nos. 2, 5, 13, 14, 16, and 18

TUC is directed to comply with Document Requests Nos. 2, 5, 13, 14, 16, and 18. These documents reportedly were made available for inspection at an earlier date, or alternatively were withheld due to the parties inability to agree on a confidentiality order. The court *sua sponte* enters a protective order, which is annexed hereto. Production shall be made in compliance with Rule 34(b) of the Federal Rules of Civil Procedure, which provides that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." *See* Fed .R.Civ.P. 34(b).

#### 2) Document Request Nos. 8 and 9

Document Request Nos. 8 and 9 are reportedly answered and therefore the motion to compel as to these requests is denied as moot, with leave to renew if additional information is obtained during depositions or other discovery.

#### 3) Document Request Nos. 7, 10, and 11

Document Request Nos. 10 and 11, seeking financial reports and corporate income tax returns for a two year period, are relevant to the issue of punitive damages alleged in the common law fraud action. These requests are granted.

Document Request No. 7 seeking "all documents showing income or revenue to ... TUC for debt collection between June 1, 1994 and June 30, 1995" is denied as overbroad, with leave to renew in a form which cures this defect.

#### 4) Document Request Nos. 4, 22 and 23

Document Request Nos. 22 and 23 seek all documents relating to the "sale, lease, loan, authorization, maintenance or repair or operation of ... software ... known as 'Collets.'" The objection by TUC that the demand is vague and overbroad is sustained, subject to the plaintiff's right to renew the demand in a tailored form, which cures the defects.

Document Request No. 4, which requests all documents relating to the same software package, suffers from the same defect and the defendant's objection is sustained, subject to the plaintiff's right to renew.

#### 5) Document Request No. 17

Document Request No. 17 seeks "all documents concerning the ownership, control, sale, lease, installation, maintenance and/or repair of any computer hardware or software ... TUC, prior to June 5, 1995." TUC objects on the grounds that the request is overbroad, vague and unduly burdensome. The objection is sustained subject to plaintiff's right to renew in a form that cures these defects.

Any renewed demands authorized herein shall be served by plaintiff no later than 17, 1998. Responses by defendants shall be due on or before May 1, 1998.

### 2. *Leave to Serve Interrogatories*

Plaintiff timely served an interrogatory request on both defendants. However, they were not signed and therefore did not comply with Rule 26(a)(4) of the Federal Rules of Civil Procedure. The interrogatories were ignored by the defendants, without objection. Leave is granted to re-serve these interrogatory requests. The interrogatories should be re-served by April 17, 1998. Responses by defendants shall be due on or before May 1, 1998.

### G. *Sanctions*

By stipulation "so ordered" on February 5, 1998, the plaintiff's motion for sanctions against defendants (a) for failure to cooperate in discovery and (b) as a result of plaintiff having to respond to defendant Bank One Corporation's cross motion; and the defendant Bank One Corporation's cross motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, were withdrawn. *See Stipulation*, dated February 5, 1998.

### CONCLUSION

For the foregoing reasons, the court grants the plaintiffs motion to amend the complaint to add a class of plaintiffs. Leave is denied to seek injunctive relief under the FDCPA claim. In addition, the court grants the plaintiff's motion to amend the caption of the case to name the defendant Bank One Columbus, N.A., in lieu of the present defendant, Bank One Corporation. Discovery is extended to June 30, 1998. The defendants are directed to respond to plaintiff's interrogatories, and to comply with plaintiff's outstanding document request within thirty (30) days from the date herein.

The parties are directed to appear before me for a status conference on April 21, 1998 at 9:30 a.m.

SO ORDERED.

### PROTECTIVE ORDER

The court *sua sponte* hereby directs pursuant to Fed.R.Civ.P., Rule 26(c), that the following provisions shall govern the handling of confidential information and documents in this action:

1. *Definitions.* For purposes of this Order:

(a) "confidential information" means information which the designating party deems to constitute trade secrets, know-how, proprietary data and/or commercial or financial information which the designating party has maintained in confidence. It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the documents and testimony to be covered hereby, and the duty of any other party or person to maintain confidentiality hereunder shall commence with such notice.

(b) "Producing party" or "designating party" shall mean the party (and its outside counsel) who is producing information to another party and who deems that information confidential.

(c) "Inspecting party" or "non-designating party" shall mean the party (and its outside counsel) who receives the confidential information supplied by the producing party.

(d) "Outside counsel" or "counsel" shall mean the law firms engaged by the plaintiff and the defendant to represent them in this litigation.

(e) "Document" shall include "writings, drawings, graphs, charts, photographs, phone records, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form" as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

(f) "Party," in the case of a party to this action which is a corporation, means any officer, director, shareholder, or employee of such party, all of whom shall be bound by the provisions of this Protective Order.

(g) "Produce" means the transmission of any "document" during the course of and in connection with this litigation, including appeals therefore, to a "party" or its "attorneys," whether voluntary or involuntary, whether pursuant to request or legal process,

and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

(h) "Person" means, in the plural as well as the singular, any individual, corporation, firm, association, partnership, business trust, government body or any other legal or business entity, unless specified herein to the contrary.

## 2. *Documents*

(a) Documents produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information may be designated as confidential by the producing party and the documents or portions thereof deemed to be confidential which are copies and delivered to counsel for the inspecting party shall be marked "CONFIDENTIAL".

(b) The producing party shall designate the document as confidential at the time of its production and/or inspection by the inspecting party. The producing party's failure to do so, however, does not waive its right to designate that document or any portion thereof as confidential, if within thirty (30) days after production, notification is given as to the confidential status of the document. Such a post-inspecting party shall have no obligation, responsibility or liability for, or with respect to, any predesignation dissemination of that document or the information contained therein.

## 3. *Deposition Testimony.*

If confidential information is contained in deposition, trial or other testimony, the transcript may be designated as containing confidential information in accordance with this Order by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which contain confidential information. At any deposition session when outside counsel for a party deems that the answer to a question will result in the disclosure of confidential information within the meaning of this Order, outside counsel may direct that the question and answer be transcribed separately from the remainder of the deposition and if filed with the Court, shall

be filed in a sealed envelope marked in the manner set forth in Paragraph "5" hereof. When such a direction has been given, the testimony shall be disclosed only to those individuals specified in Paragraph "6" hereof. Outside counsel for the party whose confidential information is involved may also request that all persons other than the reporter, outside counsel, and individuals specified in Paragraph "6" hereof leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification of counsel to advise the witness that he need not answer a question seeking the revelation of confidential information.

## 4. *Interrogatory Answers.*

If an interrogatory answer contains confidential information, the answer shall be provided in a separate document, appended to the main body of answers and incorporated by reference therein. The response to the interrogatory in the main body of the answers should be "Requests confidential information, see response in confidential addendum, which response is incorporated fully herein by reference."

5. Any confidential information including transcripts of depositions or portions thereof, exhibits, answers to interrogatories, and responses to requests for admissions which have therefore been designated as comprising or containing confidential information, or any pleading or memorandum or other document purporting to reproduce or paraphrase such information, if filed with the Court, shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "Confidential" and a statement substantially in the following terms:

> "CONFIDENTIAL. Filed Pursuant to Protective Order by _____. Not to be opened nor the contents revealed except (1) to the Court and then resealed, (2) by agreement of the parties, or (3) by prior order of this Court."

The party filing the documents shall serve notice upon all other parties that the above procedure is being invoked.

At the trial of this action or at any hearing relating to this action before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any confidential information for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared of persons not subject to the Order and that the Court employees be advised as to the terms of this Order.

6. (a) Each and every page or sheet of all transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, copies thereof, other documents and all information obtained by an inspection of files, facilities or documents by outside counsel for any party pursuant to pretrial discovery in this action that have been designated by the other party as comprising or containing its confidential information shall be marked "CONFIDENTIAL" and shall be retained by the receiving party's outside counsel and shall not be disclosed or used by any non-designated person other than those listed below.

(b) Confidential information shall not be disclosed to any person other than (i) a party to this action and outside counsel for the parties to this litigation and office personnel employed or engaged in the preparation for, or in aiding in the trial of this action; (ii) independent outside persons (i.e., persons not employees of a party), not to exceed five, requested by counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action; and (iii) the Court including necessary secretarial and law clerk personnel assisting the Court.

(c) Each person to whom disclosure may be made by counsel for a party shall first be identified not less than ten (10) business days before the disclosure, to counsel for the party designating the information as confidential and shall, in a written instrument delivered beforehand to such counsel, acknowledge that he (or she) is fully familiar with the terms of this Stipulated Protective Order and agrees in writing, to comply with, and be bound by, such Order until modified by further Order of this Court or by agreement of the parties hereto. Counsel for the designating party shall have the right to object, in writing within five (5) days after receiving the required identification, to such disclosure to the person or persons selected by counsel for the non-designating party and should such objection be made, no disclosure shall be made to such objected to person without leave of the Court.

7. No person or party shall disclose to anyone not specified in Paragraph "6" any information designated as confidential under this Protective Order, without prior written consent of the designating party or further order of this Court. Confidential information disclosed pursuant to this Protective Order shall not be used by a recipient thereof for any purpose other than for purposes of preparing this action for trial.

8. The restrictions on dissemination of confidential information contained herein shall not apply to information which, prior to disclosure hereunder, is either in the possession or knowledge of an inspecting party or a person who, absent this Order, is under no restriction with respect to the dissemination of such confidential information or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act of omission of a party receiving the information designated as confidential, provided that if a party to this Order who is to receive any confidential information disagrees with respect to its designation as confidential information, in full or in part, it shall so notify the producing party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this Order within ten (10) days of the sending of such notice. If the recipient and producing parties are unable to agree to the status of the subject information, any party to this Order may raise the issue of the designation of such a status to the Court upon 10 days written notice. The Court may raise the issue of designation of the confidential status without

any request from a party. In any disagreement over the designation of confidential information, the designating party bears the burden of showing that the designated information is confidential information within the scope of this Order. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

9. This Order is intended to provide a mechanism for the handling of confidential information and documents for which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order in any particular circumstance.

10. This Protective Order may be amended with leave of the Court, by the agreement of counsel for the parties in the form of a stipulation submitted to the court for approval, or by the court *sua sponte* after affording the parties, and any affected non-party, the opportunity to be heard. If the parties cannot agree to an amendment, then a formal motion to amend must be filed with the Court. This Protective Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of the Court.

11. Upon final termination of this litigation, each party that is subject to this Order shall assemble and return to the producing party all items containing the producing party's confidential information produced in accordance with this Order, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party. All copies containing notes or other attorney's work product shall be destroyed promptly after final termination by the receiving party who will so inform the disclosing party. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information. Promptly after the return or destruction of items containing the producing party's confidential information, the receiving party shall by letter certify that all items containing the producing party's confidential information have been returned and/or destroyed, respectively. Receipt of all material returned to the producing party shall be acknowledged in writing if requested by the receiving party and the receiving party has specified what has been returned by it. Notwithstanding the preceding sentences of this paragraph, one complete set of pleadings may be retained by each of the parties but any pleadings containing confidential information shall remain subject to all other provisions of this protective order.

12. Nothing herein shall prevent disclosure of any confidential information (1) by the producing party or (2) to any employee or officer of the producing party or (3) to any person, no longer affiliated with the producing party, who either authored, in whole or part, or who received the confidential information in confidence prior to the initiation of this litigation.

13. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege, attorney work product, or any other privilege.

14. This Order shall survive the final termination of this action with respect to any confidential information. The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Order.

SO ORDERED.