**Christopher ADDISON, David Willet, and James Vanderheydt, Plaintiffs,**

v.

**REITMAN BLACKTOP, INC., Reitman Sealcoating Inc., and Robert Reitman, an individual, Defendants.**

**No. 10–CV–1435 (ADS)(ARL).**

United States District Court, E.D. New York.

Sept. 9, 2011.

---

Goldberg & Dohan LLP by Penn Ueoka Dodson, Esq., Of Counsel, New York, NY, for Plaintiffs.

Gabor & Gabor by David George Gabor, Esq. & Hope Senzer Gabor, Esq., Of Counsel, Garden City, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On April 2, 2010, Christopher Addison and David Willet commenced this action against their former employer Reitman Blacktop, Inc., Reitman Sealcoating Inc. ("the Corporate Defendants"), and Robert Reitman ("Reitman" and together with the Corporate Defendants "the Defendants") alleging that the Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("Labor Law"), and the New York common law, specifically alleging breach of contract and unjust enrichment ("Initial Complaint"). On September 22, 2010, Addison and Willet filed an amended complaint ("First Amended Complaint") adding James Vanderheydt as an additional plaintiff (together with Addison and Willet the "Plaintiffs").

Presently before this Court are two motions: (1) the Plaintiffs' motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) to add B. Reitman Blacktop, Inc. and B. Reitman, Inc. as defendants and (2) the Defendants' cross-motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Plaintiffs' motion to amend the complaint is granted and the Defendants' cross-motion to dismiss the First Amended Complaint is denied as moot.

## I. BACKGROUND

The relevant facts of this case are set forth in the Court's previous decision *Addison v. Reitman Blacktop, Inc.* ("*Reitman I*"), 272 F.R.D. 72 (E.D.N.Y.2010). The Court assumes the parties familiarity with that decision. However, a brief review of the factual and procedural background of this case is in order.

The Plaintiffs in this action were formerly employed by the Defendants as laborers in the construction industry, performing manual labor related to asphalt, paving, and driveway construction. The Plaintiffs' allege that during their employment, the Defendants failed to pay them a minimum wage; failed to properly record their hours; failed to provide break time; and failed to pay them for overtime work. On April 2, 2010, the plaintiffs Addison and Willet filed the Initial Complaint, asserting causes of action for violations of the Fair Labor Standards Act and the New York Labor Law, unjust enrichment, and breach of contract.

The procedural history of this case is set out in detail in the Court's order in *Reitman I*. In short, after some confusion as to the date at which the Defendants answer was due, on July 16, 2010, Reitman submitted an

answer to the Initial Complaint on behalf of himself and the Corporate Defendants. On July 21, 2010, the Plaintiffs—who at that time only included Addison and Willet—moved to strike the answer on the grounds that Reitman, who is not an attorney, was precluded from appearing on behalf of the Corporate Defendants. On August 8, 2010, Reitman submitted a letter to the Court requesting a thirty day extension to respond to the motion and to retain an attorney to represent himself and the Corporate Defendants. On August 10, 2010, the Court granted Reitman's request and noted that it was a "Final Extension."

Thereafter, the Defendants attempted to retain counsel and the parties engaged in discussions with regard to extending the Defendants time to answer the Initial Complaint and a potential settlement. *See Reitman I*, 272 F.R.D. 72, 75 (E.D.N.Y.2010). Following the breakdown of those discussions, on September 22, 2010, the Plaintiffs filed the First Amended Complaint adding James Vanderheydt as a plaintiff. The Plaintiffs filed the First Amended Complaint without seeking leave of the Court as required by Fed.R.Civ.P. 15(a). Nevertheless, the Defendants did not respond to the Amended Complaint, and on October 20, 2010 the Plaintiffs moved for an entry of default, which was entered by the Clerk of the Court on November 3, 2010.

Subsequently on November 8, 2010, the Defendants moved to set aside the entry of default and submitted an answer to the First Amended Complaint. Thus, before the Court in *Reitman I* were three motions: 1) Plaintiffs' Motion to Strike the Defendants' Answer to the Initial Complaint; 2) Plaintiffs' Motion for a Default Judgment; and 3) Defendants' Motion to Set Aside the Default Judgment. Ultimately, the Court vacated the entry of default and denied the Plaintiffs' motion for a default judgment "[i]n light of the Court's analysis of the relevant considerations and this Circuit's well-established preference for litigating disputes on the merits". *Reitman I*, 272 F.R.D. at 82. Furthermore, because the Defendants had filed an answer to the First Amended Complaint, and did not object to the procedural deficiency in the Plaintiffs' filing of the First Amended Complaint, the Court denied the Motion to Strike as moot.

In conjunction with the motion to set aside the default, the Defendants raised as a potential "meritorious defense" the contention that the Plaintiffs had sued the wrong corporate entities, and that the correct defendant was "B. Reitman Blacktop, Inc.". In response, the Plaintiff argued that "even if Defendant Reitman is affiliated with yet more corporate entities all apparently engaged in essentially the same business and there is in fact a corporate entity called 'B. Reitman Blacktop Inc.,' such an entity would be an additional defendant along with the other entities which are all involved in the same 'single integrated enterprise' under the law...." (Pls.' Default Opp. at 5.) To the extent the Plaintiffs had failed to identify a proper defendant, the Plaintiffs requested "permission to add" additional defendants. (*Id.*) In the Court's decision in *Reitman I*, the Court denied the Plaintiffs' "informal request" to amend the complaint and directed them to "follow the proper procedure in seeking to amend the complaint." *Reitman I*, 272 F.R.D. at 82.

Thus, on January 18, 2011, the Plaintiffs' filed the instant motion to amend to add additional defendants. The Proposed Second Amended Complaint voluntarily dismisses the Plaintiffs' claims for unjust enrichment and breach of contract, and asserts the remaining claims against two additional defendants, namely B. Reitman Blacktop, Inc. and B. Reitman, Inc. In conjunction with their opposition to the instant motion, the Defendants filed a cross-motion to dismiss the First Amended Complaint pursuant to Fed. R.Civ.P. 12(b)(6) in the event the Court denied the Plaintiffs' motion to amend. As set forth below, the Court grants the Plaintiffs' motion to amend the complaint and therefore denies the Defendants' cross-motion to dismiss as moot.

## II. DISCUSSION

### A. *Legal Standard on a Motion to Amend*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may

amend its pleading by leave of court and leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 283 (2d Cir.2000) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Generally, amendments are favored because they "tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y.1998) (internal quotation marks and citations omitted). Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Federal Rule of Civil Procedure 21 ("Rule 21"), which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21; *see Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citing *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91 (S.D.N.Y.2010)); *see also City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir.2006) ("Although Rule 21 'contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it. Thus, the court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action.") (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, Civil 3d § 1688.1 at 510 (West 2001)). Rule 21 grants the court broad discretion to permit the addition of a party at any stage in the litigation. *Sullivan v. West New York Residential, Inc.*, No. 01–CV–7847, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003).

██ In deciding whether to permit the addition of defendants, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y.1980) (quoting *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y.1972)). Thus, leave to amend a complaint to assert claims against additional defendants "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within

the sound discretion of the district court." *DeFazio v. Wallis*, No. 05–CV–5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603–04 (2d Cir.2005); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995)). A proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir.2002).

██ In considering a Rule 12(b)(6) motion to dismiss, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Further, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir.2005); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999).

Here, the Defendants oppose the motion to add B. Blacktop Reitman, Inc. and B. Reitman, Inc. as defendants on separate grounds. As to B. Blacktop Reitman, Inc., the Defendants argue that the amendment is: (1) untimely, in bad faith, and prejudicial because the Plaintiffs have been aware that B. Reitman Blacktop, Inc. was their employer since the commencement of this action and (2) futile as to plaintiffs Addison and Vanderheydt because the FLSA claims against B. Reitman Blacktop, Inc. are time-barred by the statute of limitations. With regard to B. Reitman, Inc., the Defendants contend that the amendment is futile because the Plaintiffs have failed to allege that B. Reitman, Inc. was their "employer".

██ Before addressing the sufficiency of the motions against the two proposed defendants separately, the Court deems it prudent to address the Defendants general contention that the motion to amend should be denied as futile because the Plaintiffs' overtime compensation claims against B. Reitman Black-

top, Inc. and B. Reitman, Inc. are "implausible" based on the number of hours they worked and amount of money that they received. As an initial matter, this argument is premised on the amount of the Plaintiffs' total compensation as reflected in the Defendants records, which are inadmissible extrinsic evidence on a motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir.2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). Moreover, this argument is simply an attack on the factual validity of the Plaintiffs' claims and therefore is irrelevant to the Court's motion to amend analysis. As in a motion to dismiss, in considering a motion to amend, the Court must accept all of the Plaintiffs' proposed factual allegations as true. Thus, the Defendants refutation of the facts, based on inadmissible extrinsic evidence, do not provide a basis for denying the motion to amend.

### B. As to B. Reitman Blacktop, Inc.

#### 1. Undue Delay, Bad Faith, and Prejudice

With respect to the addition of B. Reitman Blacktop, Inc., the Defendants first argue that the Plaintiffs' attempt to file the Proposed Second Amended Complaint almost a year after commencing this action constitutes an undue delay. Furthermore, according to the Defendants, the Plaintiffs do not have a valid excuse for not naming B. Reitman Blacktop, Inc. as a defendant in the Initial Complaint and the First Amended Complaint because the Plaintiffs knew when they initiated this lawsuit that B. Reitman Blacktop, Inc. was their employer. To support the contention that the Plaintiffs were aware that B. Reitman Blacktop, Inc. was their employer, the Defendants point to the fact that the Plaintiffs allege in the Initial Complaint and the First Amended Complaint that "Defendant Reitman Sealcoating, Inc. does business as Reitman Blacktop or *B Reitman Blacktop*" (Compl., ¶ 13; FAC ¶ 13 (emphasis added)), and that "B. Reitman Blacktop, Inc."

was listed as their employer on their W–2 forms.

The Court finds that there has been no undue delay. Although one year has elapsed between the commencement of this lawsuit and the filing of the instant motion, the parties were engaged throughout that year in motion practice with regard to the Defendants' improperly filed answer to the Initial Complaint; the Defendants' request for additional time to procure counsel; and the Defendants' default in responding to the First Amended Complaint. These delays, which were predominantly due to the Defendants' conduct, were not fully resolved until the Court's order in *Reitman I* on December 16, 2010. After the Court, for procedural reasons, denied their informal request to amend the complaint in *Reitman I*, the Plaintiffs did not delay in filing the instant motion approximately one month later.

 However, even if the Plaintiffs did delay in filing the instant motion, there is no basis for finding that such delay was "undue". With regard to whether the Plaintiffs have a "valid excuse" for the delay, "[a]lthough *some* explanation must be provided to excuse a delay, even vague or 'thin' reasons are sufficient, in the absence of prejudice or bad faith." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97–98 (S.D.N.Y.2010) (emphasis in original) (citations omitted). Here, the Plaintiffs stated in the Initial Complaint and First Amended Complaint that the original defendants were entities involved in the "single integrated enterprise" run by defendant Reitman and "did business" under the name B. Reitman Blacktop, Inc. The Plaintiffs later learned from opposing counsel during motion practice on the default motion that B. Reitman Blacktop, Inc. should have been named as a defendant, and immediately requested leave the amend the complaint. It is well-settled that "amendments seeking to insert or correct matters about which parties should have known but did not know are plainly within the scope of Rule 15(a)." *Hanlin v. Mitchelson*, 794 F.2d 834, 841(2d Cir.1986). Thus, contrary to the Defendants contention, the Court finds the Plaintiffs have provided a valid excuse for any delay

such that it does not constitute an "undue delay".

█ Furthermore, delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.2008). Thus, even if the Plaintiffs had known that B. Reitman Blacktop, Inc. should have been named as a defendant in the Initial Complaint and First Amended Complaint, absent bad faith or prejudice to the Defendants, it would not constitute grounds for denying the motion to amend. *See Duling*, 265 F.R.D. at 99 (S.D.N.Y.2010) ("Although defendants appear to be correct that plaintiffs' counsel was aware of [the party to be added's] potential role since early 2005, defendants do not explain how this delay prejudices them [and] [b]ecause delay alone is insufficient to deny a motion to amend, ... [and] defendants have not demonstrated any prejudice, plaintiffs' delay in seeking to add [the new defendant] is not a sufficient basis to deny plaintiffs' motion [to amend].").

Apart from their arguments concerning delay, the Defendants have not shown any indicia of bad faith on the part of the Plaintiffs. In particular, the Defendants do not point to any reason why the Plaintiffs would have intentionally chosen not to file the Initial Complaint or the First Amended Complaint against B. Reitman Blacktop, Inc. Furthermore, the Defendants do not assert that they are prejudiced by the proposed amendments. And, in light of the early stage of this litigation, there is no reason to believe that they would be.

In sum, the Court sees no evidence of bad faith, undue delay, or prejudice by the Plaintiffs' seeking to add B. Reitman Blacktop, Inc. as a defendant. Rather, the Defendants identified a problem with the Plaintiffs pleading in its motion to set aside the entry of default, and the Plaintiffs immediately sought to amend the complaint to rectify the problem. Accordingly, these factors weigh against denying the Plaintiffs' motion to amend.

### 2. Futility

The Defendants further contend that permitting the Plaintiffs to amend the complaint to add B. Reitman Blacktop, Inc. with respect to the claims asserted by plaintiff Addison and plaintiff Vanderheydt would be futile because the Plaintiffs FLSA wage claims would be time-barred by the statute of limitations.

█ A proposed amendment to add defendants may be considered futile "if the claims sought to be added are barred by the relevant statute of limitations." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 397 (E.D.N.Y.1998). However, "[i]f a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." *VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir.2001) (citing Federal Rule of Civil Procedure 15(c) ("Rule 15(c)")); *see also Pastorello v. City of New York*, No. 95–CV–470, 2001 WL 1543808, at *4 (S.D.N.Y. Nov. 30, 2001) (stating that a proposed amendment may be considered futile if "(1) the claim it seeks to assert is barred by the applicable statute of limitations, and (2) the claim does not relate back to the date of an earlier timely pleading") (citing *Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 251–52 (2d Cir.1994)).

An employee may recover for unpaid compensation pursuant to the FLSA within two years after the claim accrues, or in the case of a willful FLSA violation, within three years following accrual. 29 U.S.C. § 255(a); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 165 (E.D.N.Y. 2010). "Courts have held that for the purposes of establishing the statute of limitations under the FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006); *see also* 29 C.F.R. § 790.21(b) ("[A] cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for

any workweek at the regular pay day for the period in which the workweek ends.").

With regard to plaintiff Addison, he alleged in the Initial Complaint, which was filed on April 2, 2010, that the Defendants denied minimum wage and overtime compensation to him in willful violation of the FLSA from April 3, 2007 until October 2007. Thus, assuming that the Defendants alleged violations of the FLSA were willful and therefore subject to the three year statute of limitations, Addison's claims are not time-barred if the statute of limitations cut-off date is set by the Initial Complaint. However, if, as the Defendants argue, the operative statute of limitations cut-off date is the date the instant motion was filed, January 18, 2011, any FLSA claims by Addison against B. Reitman Blacktop, Inc. would be time-barred and therefore futile. Thus, the futility of the proposed amendment turns on whether Addison's claims against B. Reitman Blacktop, Inc. relate back to the Initial Complaint.

A claim against a new defendant in an amended complaint relates back to the original complaint if: (1) the claims against the new parties arise out of the same conduct, transaction, or occurrence as alleged in the original complaint; (2) the new party received notice of the suit within 120 days of institution so that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought against the party. Fed.R.Civ.P. 15(c); *VKK Corp.*, 244 F.3d at 128.

■ Here, Addison's claims against B. Reitman Blacktop, Inc. arise out of the same conduct in the Initial Complaint, namely the Defendants "unwillingness to pay overtime and other wages are required under federal law." *Amaya v. Garden City Irrigation, Inc.*, No. 03–CV–2814, 2008 WL 2940529, at *3 (E.D.N.Y. July 28, 2008). Furthermore, the Defendants do not dispute—nor could they—that B. Reitman Blacktop, Inc. has been on notice of Addison's lawsuit since its inception. Plaintiffs have alleged that the address listed with the Department of State for B. Reitman Blacktop, Inc.'s process agent is the same as the address for Robert Reit-

man, a named defendant in the Initial Complaint. There is no question that the Initial Complaint put Reitman on notice of this lawsuit against the various construction entities he allegedly owns and operates insofar as he submitted an answer to the Initial Complaint on behalf of himself and the Corporate Defendants. In addition, as the Plaintiffs' employer who possessed and maintained the Plaintiffs' employment records, the Defendants cannot claim they did not know that, but for a mistake, B. Reitman Blacktop, Inc. should have been named as a defendant. Indeed, the fact that it was the Defendants themselves who brought to the Plaintiffs' attention that B. Reitman Blacktop, Inc. should have been included as a defendant in this action belies any assertion that B. Reitman Blacktop, Inc. lacked sufficient notice.

■ The Defendants argue that the claims do not "relate back" because it could not have been a "mistake" that the Plaintiffs' failed to commence the cause of action against B. Reitman Blacktop, Inc. As previously noted, the Defendants premise this argument on the fact that the Plaintiffs included a reference to B. Reitman Blacktop, Inc. in the Initial Complaint and First Amended Complaint, and because "B. Reitman Blacktop, Inc." was listed on the Plaintiffs' W–2 forms. However, this argument reflects a misunderstanding of the "mistake" inquiry, which the U.S. Supreme Court recently clarified in *Krupski v. Costa Crociere S.p.A.* as follows:

> Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake. A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary 1092 (9th ed. 2009); *see also* Webster's Third New International Dictionary 1446 (2002) (defining "mistake" as "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous

belief"; or "a state of mind not in accordance with the facts"). That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity.

—— U.S. ——, 130 S.Ct. 2485, 2493–94, 177 L.Ed.2d 48 (2010). Thus, the fact that the Plaintiff may have known of B. Reitman Blacktop, Inc.'s existence, but erroneously believed that B. Reitman Blacktop, Inc. was simply the name under which the Defendants "did business" is precisely the situation that Rule 15(c) anticipates.

 Finally, the Defendants, without any explanation, contend that because the Plaintiff unduly delayed in seeking to add B. Reitman Blacktop, Inc. as a defendant, the Court should consider the date that the Plaintiffs filed the motion to amend as the date the action was commenced for purposes of the statute of limitations. However, whether to apply the relation back doctrine is not a matter within the Court's discretion. In *Krupski*, the Supreme Court held that, "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." 130 S.Ct. at 2490. Thus, it is improper for the Court to consider whether the Plaintiffs engaged in "undue delay" or "dilatory tactics" for the purposes of applying the relation back doctrine because "[Rule 15(c)] mandates relation back once the Rule's requirements are satisfied" and unlike Rule 15(a), Rule 15(c) "does not leave the decision whether to grant relation back to the district court's equitable discretion." *Id.* at 2496.

Accordingly, the Court finds Addison's claims against B. Reitman Blacktop, Inc. relate back to the Initial Complaint for the purposes of the statute of limitations and therefore the proposed amendment is not futile. Moreover, "the statute of limitations under the New York State Labor Law is six years, posing no hurdle to amendment here." *Hosking v. New World Mortg., Inc.*, 602 F.Supp.2d 441, 446 (E.D.N.Y.2009).

However, with respect to plaintiff Vanderheydt, the Court finds that it lacks sufficient information to determine whether the proposed amendment would be futile because the Proposed Second Amended Complaint fails to provide the time period in which Vanderheydt contends he was denied minimum wage and overtime compensation in violation of the FLSA. Generally, the absence of such information from a complaint is grounds for dismissal pursuant to Fed. R.Civ.P. 12(b)(6). *See DeSilva v. North Shore–Long Island Jewish Health Sys., Inc.*, 770 F.Supp.2d 497, 509 (E.D.N.Y.2011) (holding that to state a claim for wage violations under the FLSA "plaintiffs must provide at least some approximation of the overtime hours that defendants required them to work and a time frame for when those hours were worked").

 On the other hand, "the statute of limitations is an affirmative defense, the determination of which requires a consideration of the merit of both parties' claims and defenses" and therefore in certain instances a plaintiff is "not required to 'allege facts in the complaint that overcome defendants' affirmative defense based on the statute of limitations'". *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 166 (E.D.N.Y.2010) (quoting *Sexton v. Franklin First Fin.*, No. 08–CV–4950, 2009 WL 1706535, at *16 (E.D.N.Y. Jun. 16, 2009)) (granting a motion to amend to add an additional corporate defendant in an FLSA case despite the fact that the claims against it would only survive if the statute of limitations was equitably tolled because "whether or not the statute of limitations should be equitably tolled ... is an issue of fact better addressed on a motion for summary judgment or at the time of trial").

 Thus, in the interest of judicial economy and to avoid further delaying the resolution of this action, this Court grants the motion to amend to add B. Reitman Blacktop, Inc. as a defendant with the condition that the Second Amended Complaint ultimately filed by the Plaintiffs include an allegation identifying the time period for which plaintiff Vanderheydt alleges he was denied minimum wage and overtime payments in violation of the FLSA. To the extent the Plaintiffs fail to include this allegation, or the

time period provided falls outside of the statute of limitations based on the filing of the First Amended Complaint, this decision does not prejudice the Defendants right to seek dismissal or summary judgment on statute of limitations grounds.

### C. As to the Motion to Add B. Reitman, Inc. as a Defendant

The Defendants solely oppose the addition of B. Reitman, Inc. as a defendant on the grounds of futility. Specifically, the Defendants argue that the motion to amend to add B. Reitman, Inc. as a defendant should be denied as futile because the plaintiffs "have offered no reason to support the addition of this corporation as a defendant in this action." (Defs.' Br. 4–5.) In response, the Plaintiffs contend that B. Reitman, Inc., along with B. Blacktop Reitman, Inc. and the two original defendants Reitman Blacktop, Inc. and Reitman Sealcoating, Inc. constitute a "single integrated enterprise" and therefore are properly identified as their "employer" for purposes of their FLSA claims.

The Second Circuit summarized the "single employer" doctrine as follows:

> "A 'single employer' situation exists 'where two nominally separate entities are actually part of a single integrated enterprise....'" In such circumstances, of which examples may be parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management, the nominally distinct entities can be deemed to constitute a single enterprise. There is well-established authority under this theory that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger "single-employer" entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer.

*Arculeo v. On–Site Sales & Marketing, LLC,* 425 F.3d 193, 198 (2d Cir.2005) (citing *Clinton's Ditch Cooperative Co. v. NLRB,* 778 F.2d 132 (2d Cir.1985)); *Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1240–41 (2d Cir.1995). In *Arculeo,* the court held that the single employer doctrine was not applicable because the plaintiff "has not suggested that [the two defendants] are part of a single integrated enterprise." *Id.* at 198–99. By contrast, the Plaintiffs allege that "[a]t all times material to this action, the corporate Defendants formed a 'single integrated enterprise'". (Proposed SAC ¶ 12.)

In determining whether multiple defendants constitute a single employer, courts consider the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *See Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1240 (2d Cir.1995); *Bricklayers and Allied Craftworkers Local 2 v. C.G. Yantch, Inc.,* 316 F.Supp.2d 130, 143 (N.D.N.Y.2003). However, whether a particular defendant can be considered a plaintiff's "employer" is a fact-specific inquiry. Thus, on a motion to dismiss, and therefore a motion to amend futility analysis, the relevant inquiry is whether a defendant has been put "on notice of the theory of employer liability". *See Fowler v. Scores Holding Co., Inc.,* 677 F.Supp.2d 673, 681 (S.D.N.Y.2009); *see also Zhong v. August August Corp.,* 498 F.Supp.2d 625, 628–29 (S.D.N.Y.2007) (holding that an FLSA complaint is sufficient under the liberal pleading requirements of Rule 8(a) if the pleading enables the defendant to conclude that "the plaintiff is asserting that an employee-employer relationship existed between the parties" and alleges that the defendant meets the FLSA definition of an enterprise engaged in commerce).

Here, the Plaintiffs have put the Defendants on notice of the theory of employer liability by alleging that, upon information and belief, "[a]t all times material to this action, the corporate Defendants formed a 'single integrated enterprise' as they shared common management, finances, and/or other resources...." (Proposed SAC ¶ 12.) Thus, because the Plaintiffs have adequately alleged that B. Reitman, Inc. was their "employer" under the FLSA, it would not be futile to permit them to amend the complaint to assert claims against B. Reitman, Inc.

Furthermore, although the Defendants do not assert the statute of limitations argument with respect to the proposed addition of B. Reitman, Inc., the Court finds that the above application of the relation back doctrine to B. Reitman Blacktop, Inc. is equally applicable to the claims against B. Reitman, Inc. As with B. Reitman Blacktop, Inc., the Plaintiffs have alleged that the Department of State process agent listed for B. Reitman, Inc. is located at the same address as defendant Reitman. In addition, the Plaintiffs alleged in the Initial Complaint and the First Amended Complaint that they were proceeding against the Defendants under a "single integrated enterprise" theory. Thus, accepting as true for the purposes of this motion that B. Reitman, Inc. is part of a "single integrated enterprise" with the originally named defendants, the Defendants knew or should have known that but for a mistake on the part of the Plaintiffs, B. Reitman, Inc. should have been named as a defendant. Accordingly, the Court finds that it would not be futile to permit the Plaintiffs to add B. Reitman, Inc. as a defendant in this lawsuit and therefore grants the Plaintiffs' motion.

### D. As to the Defendants' Cross–Motion to Dismiss

The Defendants' cross-motion to dismiss the First Amended Complaint was contingent on the Court denying the Plaintiffs' motion to amend. Because the Court has granted the Plaintiffs' motion to amend, the Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is denied as moot.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED,** the Plaintiffs' motion to amend the complaint to add B. Reitman Blacktop, Inc. and B. Reitman, Inc. as defendants is GRANTED, and it is further

**ORDERED,** that the Plaintiffs' are directed to serve the amended complaint with the above-stated clarification regarding plaintiff Vanderheydt within 20 days of the date of this order, and it is further

**ORDERED,** that the Defendants' cross-motion to dismiss the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) is DENIED as moot, and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
. . . . . . . . . . . . . . . . . . . . . . . .X
CHRISTOPHER ADDISON, DAVID WILLET, and JAMES VANDERHEYDT,

 Plaintiffs,

 -against-

REITMAN BLACKTOP, INC., REITMAN SEALCOATING INC., B. REITMAN BLACKTOP, INC., B. REITMAN, INC., AND ROBERT REITMAN, an individual,

 Defendants.

. . . . . . . . . . . . . . . . . . . . . . . .X

**SO ORDERED.**